# Empire Laundry Machinery Co. v. Sarah A. Brady, Administratrix.

1. NEGLIGENCE—*In the Construction of Machinery.*—A machinery company put up a wringer in a laundry and afterward sent its engineer to make some changes in it at the request of the laundry company. The engineer requested the superintendent of the laundry to assist him in placing a belt on the machine; as soon as the belt was placed, the wringer, owing to its having been improperly fastened to the floor, was pulled loose and fell over upon the floor; the belt was thrown off and left free at one end; it wrapped itself about the superintendent and drew him over the line shaft, as a result of which he died. *It was held* that the jury were warranted in finding that the superintendent came to his death by reason of the negligence of the machinery company in not properly fastening down the wringer.

2. VOLUNTEER—*Who is Not.*—A person who is specially requested by another to assist him in adjusting a machine and does so, is not to be considered as a mere volunteer.

**Trespass on the Case.**—Death resulting from negligence. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

## STATEMENT OF THE CASE.

On March 1, 1889, appellant was engaged in the manufacture and sale of laundry machinery, washers and wringers.

On that date Wilson & Fuchs were doing business at 103 Canal street, Chicago, of which business Mr. Fuchs was manager, and Stafford N. Brady, the deceased, was in their employ as superintendent of their laundry at that place.

Wilson & Fuchs purchased from appellant company an ordinary laundry wringer, which, when sold and delivered, was adapted to use as a power or hand machine; it was used as a hand machine very little, if at all; it was adapted to use as a power machine, by taking off the handle with which the wringer was operated, and placing upon the shaft of the wringer a tight pulley and a loose pulley, and belting it to a line shaft which was furnishing power to the washing machine in the same room.

Evidence was given by the plaintiff to the effect that about ten days after the machine was put in, Mr. Potter, the agent of appellant company, called at 103 Canal street, where the machinery was in operation, and, upon having his attention directed by Fuchs to the fact that the wringer was held down to the floor by but two bolts, he said that two bolts were enough. This was denied by Mr. Potter.

On the 29th of March, 1889, Fuchs requested appellant to send a man over and put a larger pulley on the line shaft, in order to increase the speed of the wringer. Appellant sent one Hayton, an engineer or machinist of several years' experience, who went over, took the pulley off the line shaft, and replaced it with one four or six inches more in diameter, and lengthened the belt used for driving the wringer by inserting a piece sixteen inches in length.

Hayton asked Brady, the deceased, to help him in placing the belt on the machine. As soon as the belt was placed by Brady on the pulley on the line shaft, the wringer was pulled from the floor and fell over on one side, throwing the belt off the pulleys on the wringer, thus leaving the belt free at one end; the belt in some way wrapped itself about Brady, and drew him over the line shalf, as a result of which he died within a few weeks.

The negligence charged in the declaration is, that the defendants did not use reasonable skill and diligence in setting up the machinery, etc., and in fact, so negligently and unskillfully set it up, constructed and fastened it to the floor, that it was wholly insecure and liable to give way and cause injury to those who had occasion to work at and around there, and also that the defendants did not use proper skill and diligence in furnishing, setting up and constructing reasonably safe machinery to be used for laundry purposes, and did not employ and have a sufficient number of men reasonably skilled in that behalf.

The wringer was an ordinary laundry wringer, consisting of two wooden rollers in an iron frame weighing about 75 to 100 pounds, and each of its four feet had an enlargement for receiving casters, and also an opening to receive the

screw or bolt by which it might be fastened, and there were, at the time of the accident, but two wooden screws or bolts fastening this wringer to the floor.

At the close of the case, defendant asked the court to instruct the jury to return a verdict for the defendant, appellant company, which was denied by the court, after which the jury found a verdict against appellant for $5,000, upon which the court entered judgment.

George L. Shorey and Jesse A. & Henry R. Baldwin, attorneys for appellant, contended that if the death was caused by the negligence of appellant's servant, plaintiff can not recover, as the deceased was acting as a volunteer, or interloper, in assisting and was under no obligation to do the work. Texas & N. O. Ry. Co. v. Skinner, 23 S. W. Rep. 1001; Evarts v. St. P. & M. Ry. Co., 22 L. R. A. 663; Osborn, Admx., v. Knox & L. R. R. Co., 68 Maine 49; Degg v. Midland Ry., 1 Hurl. & Nor. 773.

If appellant was guilty of negligence in not sufficiently bolting the wringer to the floor, nevertheless the acceptance of the machine by its purchasers, the employers of the deceased, would relieve the appellant company from liability in this case, and the owners would be liable. First Pres. Congr. v. Smith, 26 L. R. A. 504; Albany v. Cunliff, 2 N. Y. 175; Curtain v. Somerset, 12 L. R. A. 322; 140 Pa. St. 70; Fitzmaurice v. Fabian, 147 Pa. St. 199; Swan v. Jackson, 55 Hun (N. Y.) 194; Hyams v. Webster, L. R., 2 Q. B. 264; Boswell v. Laird, 8 Cal. 469; Fanjoy v. Scales, 29 Cal. 249.

Unless this wringer was *per se* a dangerous machine, the duty owed by the appellant in relation to it is governed by the terms of the contract between appellant and its purchasers. No duty was due from appellant to the deceased. There was no privity between him and the company, hence, no liability. Broom's Com. Law, 662–668; Longmudo v. Halleday, 6 Exch. 761; Blakemore v. B. & E. R. Co., 8 El. & Bl. 1035; Winterbottom v. Wright, 10 Mees. & Wel. 109 (92 E. C. L. 1035); Burke v. De Castro, 11 Hun (18 Sup. N. Y. 354); Heiser v. Kingsland, 110 Mo. 605; 305 Cent. Law .

Jour. 108; Bank v. Ward, 100 U. S. 195, 204; State ex rel. Hartlove v. Fox & Son, 24 L. Rep. An. 679; Collins v. Selden, L. R., 3 C. P. 495; Blunt v. Aicken, 15 Wend. 522; Necker v. Harvey, 49 Michigan 517; 14 N. W. Rep. 503; Safe Co. v. Ward, 46 N. J. Law 19; Roddy v. R. R., 104 Mo. 234; 15 S. W. Rep. 1112; Kahl v. Love, 37 N. J. Law 5; Osborn v. Knox & L. R. R. Co., 68 Maine 49; Degg v. Midland Ry. Co., 1 Hurl. & Nor. 773 (68 Me. 49); Ziemann v. Kieckhefer Mfg. Co., 41 Cent. L. Jour. 213; 28 Chi. Leg. News, p. 26; Gordon v. Livingston, 12 Mo. App. 267; Wharton Neg. (2d Ed.), Sec. 438.

KAVANAGH & O'DONNELL, attorneys for appellee, contended that where one without any interest in a matter, volunteers and without the consent or knowledge of the owner, places himself in a dangerous position, he can not recover for an injury received thereby. "But it does not follow that under all circumstances, the person who assists the servants of another in the discharge of their duties, without employment by the master, is to be regarded as voluntarily assuming the relation of a fellow-servant, or the risks pertaining to that relation. To illustrate: Suppose a servant in driving his master's team on the highway founders in such a manner as to prevent the use of the highway by others for the time being; another person who is thus impeded in the use of the road, assists the servant either with or without request to remove the impediment to travel from the highway. Such other person does not thereby become the fellow-servant of the driver. Indeed, in no just sense has he voluntarily entered the service of the master, and the rule of law first above stated does not apply to the case supposed. And therefore it was no error in the court below to refuse it." Street Ry. Co. v. Bolton, 43 Ohio State Report 224; Penn. Co. v. Gallagher, 40 Ohio St. 637; Johnson v. Ashland Water Co., 71 Wis. 553; Holmes v. North Eastern Ry. Co., L. R., 4 Ex. 254; Eaton v. The Ry., 65 Tex. 577; Wright v. London, etc., Ry., 1 Q. B. Div. 252; Fox v. R. R. (Ia.), 53 N. W. Rep. 259; Wischan v. Richards, 136 Pa. St. 109; Chicago Law Journal, 1893, page 1.

Most employments about powerful machinery are dangerous, and may easily be seen to be so; but the danger, the extent and nature of it, may only be learned from extended experience. Chicago Pressed Brick Co. v. Remburg, 51 Ill. App. 543; Mundle v. Hill Mfg. Co., 30 Atl. Rep. 16.

Mr. Justice Waterman delivered the opinion of the Court.

We think that the jury were warranted by the evidence in finding that the deceased came to his death by reason of negligence of appellant.

The deceased was not a mere volunteer; he not only had an interest in the work appellant was doing, but he was specially asked by appellant's agent to assist him in his work. Street Ry. Co. v. Bolton, 43 Ohio State Rep. 224.

The jury have found that the machine was not properly set up and fastened to the floor with reference to the purpose for which it was adapted and intended. It was because of such negligence that it was thrown over and Brady caught by the belt.

The jury have found that the deceased could not have avoided the accident by the exercise of ordinary care and prudence. There is no evidence that Brady either knew that the machine was insufficiently fastened, or that his knowledge of machinery was such that he must be presumed to have so known; the defect was not, so far as is shown, obvious to a person of ordinary intelligence, or the superintendent of a laundry.

It is perhaps the case that appellant owed, in respect to this machine, a duty only to Wilson & Fuchs, with whom it contracted, and that if the deceased had been injured when merely operating the wringer for his employers, appellant would not have been liable; we are not called upon to consider such a case. The mangle was in care of appellant when Brady was injured; its agent procured the assistance of the deceased, put him at work about a machine which it had insufficiently sustained, and which it must be presumed it knew was not sufficiently fastened for the work then put

upon it. The case is very different from that of Heiser v. Kingsland, 110 Mo. 605, and others to which our attention is directed.

We find no error in the giving or refusing of instructions warranting a reversal of this judgment, and it is affirmed.

SHEPARD, J., dissents.