JOHN DOHN, Respondent, *v.* JOHN DAWSON and WILLIAM ARCHER, Appellants.

*Negligence — proof of an injury by inference — risks assumed by an employee — employee of an independent contractor not a fellow-servant — evidence too remote.*

Upon the trial of an action, brought to recover damages for injuries resulting from the alleged negligence of the defendants, it appeared that the defendants were contractors for the mason work of a building and had erected scaffolding on the inside of the wall in which there were spaces for windows, and that at the time of the accident in question workmen were engaged in building a scaffold above an existing scaffold upon which there were bricks; that while the workmen were removing the planking of the lower scaffold in order to use it for the same purpose upon the upper scaffold, one of the workmen heard a brick rattling down from the scaffold and heard it strike something but did not know whether it went inside or outside of the wall, but, on going to a window and looking out, he saw the plaintiff upon the sidewalk holding his head. Another witness testified that something struck the plaintiff; that while he did not see the object strike the plaintiff he saw, when it bounced on the ground, that it was part of a brick.

*Held,* that although there was no direct evidence that the damage was caused by a brick which was permitted to fall upon the plaintiff through the negligence of the defendants' workmen, yet that the inference might be indulged under the circumstances that such was the fact;

That as the plaintiff, who was employed by an independent contractor, had a right to be upon the sidewalk and was there attending to his work, it was not one of the risks of the situation, which an employee assumed, that he should be exposed to the fall of brick from a scaffold within the building caused by the negligence of persons who were not his fellow-servants.

Upon the trial of the action the court offered to allow the defendants' counsel to show, if he could, that there was a scaffold on the outside of the building at the time of the accident.

*Held,* that this was as far as the court was bound to go, and that a question put by the defendants' counsel, " Had there been a scaffold erected on the outside of this building?" was properly excluded as too remote and indefinite.

APPEAL by the defendants, John Dawson and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of April, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 15th day of April, 1895, denying the defendants' motion for a new trial made upon the minutes.

*Charles M. Earle,* for the appellants.

*Edward J. McGuire,* for the respondent.

VAN BRUNT, P. J.:

The defendants were masons who had a contract from the city for the mason work of the Criminal Courts building. There were at the same time many workmen employed by others having independent contracts with the city. The plaintiff was employed by an independent firm of contractors who were delivering terra cotta at the building. On May 3, 1892, the exterior walls of the building had been constructed to about the fourth story on the Franklin street side. In the face of the wall were spaces for windows. Inside the wall were scaffolds erected by the defendants for their workmen. On the date mentioned two of the defendants' employees were engaged in building a scaffold above another scaffold upon which were a quantity of bricks, the planking of the lower scaffold being taken out for the purpose of putting it upon the upper scaffold, and the workmen removing the bricks from the lower scaffold and placing them upon the upper scaffold as the work progressed. One of these workmen heard a brick rattling down off the scaffold and heard it strike something, but did not know whether it went inside or out. He went to the window and, looking out, saw the plaintiff about fifteen or twenty feet from the corner of the building holding his head. Another witness testified that he was a fellow-workman of the plaintiff and was unloading a truck, and the plaintiff was helping him to take off his load ; that the plaintiff was not there more than a minute or two when something struck him on the head ; that the witness did not see the thing strike him, but when it struck it bounced on the ground, and the witness looked and saw that it was half a brick or a little over.

It was claimed upon the argument by the counsel for the appellants, and is claimed upon his brief, that there is evidence that there were plumbers at work upon this wall who were cutting out brick, using cold chisels and hammer and tamping irons with which to tamp oakum into a waste-pipe joint that they were caulking. We have examined the case with care for the purpose of finding evidence that any plumbers were cutting any channel into this wall. The evidence in regard to the plumbers is, that they

were putting in a waste pipe, and that they had two cold chisels, a hammer and a tamping tool, and were at work in a recess that sets in the building, and that they were caulking. There is no evidence that they were cutting away any brick. The evidence in the case shows that the only persons who were working with brick were those employees of the defendants who were moving the scaffold.

It is urged that it is not shown that the defendants were guilty of any negligence and that it is purely a matter of inference that any brick fell because of any action of the employees of the defendants. This is undoubtedly true. But in the case of a murder where a bullet is found in the body of the deceased and the accused is shown to have pointed a pistol at the deceased and to have fired it off, it is only a matter of inference that the bullet came from the pistol. So in the case at bar, we find that one of these workmen testified that a brick fell from the platform, and at about the same time the plaintiff was struck, and although no one saw the impact of the brick, yet as it bounded from his head it was seen by another witness. It does not require a very great deal of inference to come to the conclusion under evidence such as this, that the brick which was let fall by the defendants' workmen was the one that struck the plaintiff.

It is further urged that the plaintiff took the risk of the situation at the time. We are not aware that, being upon the sidewalk, he took the risk of any falling brickbats that might be carelessly dropped down upon his head by the employees of the defendants. He had the right to be upon the sidewalk. He was there attending to his work, and he had no reason to anticipate such carelessness upon the part of defendants' employees.

It is urged that the plaintiff has not shown absence of contributory negligence, and that it cannot be inferred from the proof of the accident and of negligence on the part of the defendants. This is undoubtedly true, but the facts were shown and the plaintiff has proved that he was where he had the right to be. He had no reason to expect, as already suggested, that brickbats would be showered down upon his head.

The exception to which attention is called in respect to the building of the scaffold on the outside is untenable. The court said that

it would allow the counsel to show, if he could, that there was a scaffold there at that time. That was all that it was bound to do. It was not bound to permit the witness to go through all the different steps which are necessary to be taken to erect a scaffold.

The question was: "Had there been a scaffold erected on the outside of this building?" It does not necessarily follow that if a scaffold is once erected on the outside of a building it exists forever. The question was too indefinite, too remote and clearly improper. ·

The verdict undoubtedly was large, but we do not think it was so excessive as to call upon us to reverse the judgment.

The judgment and order appealed from should be affirmed, with costs.

Parker and O'Brien, JJ., concurred.

Judgment and order affirmed, with costs.