ALEXANDER JACK, an Infant, by ALEXANDER JACK, his Guardian
ad Litem, Respondent, *v.* GRACE L. McCABE, as Administratrix,
etc., of LAWRENCE McCABE, Deceased, and WILLIAM J. McGIN-
LEY, Appellants.

*Negligence — injury caused by a brick falling from a scaffold — proof required as to
the person causing it to fall.*

Contractors engaged in constructing the front of a building, upon which several
other contractors are employed, are not liable for injuries sustained by a boy
playing in the street in consequence of his being struck by a brick which appar-
ently tumbled from a scaffold on the outside of the front of the building, where
there is no evidence tending to show that the falling of the brick was occasioned
by any act of such first-mentioned contractors or of their employees.

O'BRIEN and HATCH, JJ., dissented.

APPEAL by the defendants, Grace L. McCabe, as administratrix,
etc., of Lawrence McCabe, deceased, and another, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of New York on the 3d day of July,
1900, upon the verdict of a jury for $5,000, and also from an order
entered in said clerk's office on the 2d day of July, 1900, denying
the defendants' motion for a new trial made upon the minutes.

*H. Snowden Marshall*, for the appellants.

*Gormly J. Sproull*, for the respondent.

INGRAHAM, J.:

The respondent, a boy about eight years old, while playing in a
public street in the city of New York was struck by a brick which
appears to have come from a building then being constructed. The
plaintiff testified that he was playing upon some sand in the street
when he was struck on the head. He did not see the brick, or
whatever it was that struck him, nor did he know where the article
came from. There was another witness called for the plaintiff who
testified that he was standing on the opposite sidewalk from where
the boy was playing; that he did not see the brick strike the boy,
but "found it hopping on the scaffold; every part it would come
to it would strike against and I would say it struck the boy. *   *   *
I heard the brick come tumbling down the scaffold." On cross-

examination he said the scaffold was on the "outside of the building; on the front of the building, and they were putting up the front of the building, and they had these scaffolds up; every story they would build they would have these scaffolds, and I heard the brick hopping on these boards as it came along. * * * There may have been boards inside for all I know. I didn't see the brick. I heard it rattling from place to place. And I am sure it tumbled from place to place. I heard that tumbling. And then I saw the boy being brought up from out of the cellar." The plaintiff was quite seriously injured, there having been a fracture of the skull in consequence of which a piece of the bone was removed. This is the only evidence of any eye-witness of the occurrence, and the only evidence from which the jury could find that the defendants had anything to do with this brick, or that the fall was occasioned by any act of the defendants or their employees.

One of the defendants was called as a witness by the plaintiff, and testified that the defendants had a contract to construct the front of these buildings, Nos. 377 and 379 East Tenth street in the city of New York, and it was conceded that at the time of the accident the defendants were at work upon the front of the building in question. There was also evidence that there were quite a number of other contractors who were employed or had contracts for doing a part of the work on the building. There seems to have been no evidence offered for the defendants, and at the close of the case the defendants' counsel moved to dismiss the complaint or for a verdict for the defendants, on the ground that the plaintiff had failed to prove a cause of action and had failed to show negligence on the part of the defendants. The court reserved the decision of that motion and submitted three questions of fact to the jury, (1) were the defendants guilty of negligence which was the proximate cause of the injury complained of? to which the jury answered, yes. (2) Was the plaintiff guilty of negligence which contributed to the injury complained of? to which the jury answered, no. (3) As to the amount of damages that the plaintiff sustained, to which the jury answered, $5,000. Whereupon the court denied the motion to dismiss the complaint or for a verdict, and directed a verdict for the plaintiff for $5,000, to which the defendants excepted.

We think this case is controlled by the case of *Wolf* v. *Ameri-*

can Tract Society (164 N. Y. 30), which was an action brought to recover for injuries sustained by the plaintiff by reason of the fall of a brick from a building in course of construction. In that case the court say : " In a case like this, where the building in process of construction is in charge of numerous contractors and their workmen, each independent of the other, and none of them subject to the control or direction of the other, some proof must be given to enable the jury to point out or identify the author of the wrong. There is no principle that I am aware of that would make all of the contractors, or all the workmen engaged in erecting this building, liable in solido. And yet there is just as much reason for that as there is for holding two of these contractors for no other reason than that one of them had charge of the carpenter work and the other of the mason work. The plaintiff, we must assume, suffered injury from the negligence of some one ; but I am not aware of any ground, in reason or law, for imputing the wrong to the two contractors who are defendants, or for selecting them from all the others as responsible to the plaintiff, unless they can conclusively show that they are not. When there is no proof where the brick came from, except that it came from the building, and nothing to identify the person who set it in motion, it cannot be said that the plaintiff has made out a case for the jury. * * * If the plaintiff was unable to give proof pointing to the party responsible for the injury, that is no reason why the innocent and the guilty should be held in a body upon a presumption that some or all were negligent."

In that case as in this, the injury was caused by a brick falling from a building in course of construction. In that case the Supreme Court held that the defendant Downey, who had a contract with the owner of the building, and the defendant Weber, who was a subcontractor to do the mason work upon the building, were liable. ( Wolf v. American Tract Society, 25 App. Div. 98.) That judgment the Court of Appeals reversed upon the ground that there was no evidence to show that the brick was allowed to fall by the negligence of either defendant or his employee. There was a dissent in that case which was upon the ground that the contractors to do the mason work had a duty to guard and protect the loose brick so they could not fall and injure persons passing upon the street ; that the bricks were under their control and management ;

that one fell and caused the injury complained of, and that this fact raised a presumption of negligence against the masons which cast the burden upon them of showing that they were free from fault. But this view was repudiated by a majority of the court, who held that there must be at least evidence to sustain a finding that the fall of the brick was caused by the negligence of the defendants against whom a recovery was sought. This applied to the case at bar, which is bare of evidence to connect in any way the defendants or their employees with the fall of the brick; and while there is a presumption, applying the maxim *res ipsa loquitur*, that somebody was negligent, there is no evidence to show that the negligence was that of the defendants or their employees. In *Dohn* v. *Dawson* (90 Hun, 272; affd., 157 N. Y. 686) there was proof that the defendants' workmen were, at the time of the accident, engaged in removing bricks from a lower scaffold to an upper scaffold; one of these workmen heard a brick rattling down off the scaffold and immediately after saw plaintiff below holding his head, and that the only persons who were working with bricks were the employees of the defendants. This evidence connected the defendants with the fall of the brick, and supplied the proof that was wanting in the *Wolf* case, and which is also wanting in the case at bar.

It follows that the motion to dismiss the complaint should have been granted, and it was error to submit any question to the jury. The judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concurred; O'BRIEN and HATCH, JJ., dissented.

HATCH, J. (dissenting):

As I view this case, it is established that the defendants erected the front walls of the building and built the scaffolding for that purpose. The boy was injured by a falling brick which came bounding down the scaffold into the street where he was at play. The only point upon which there is serious disagreement relates to the responsibility of the defendants for the act. The contention is that it is not shown that, either through themselves or their agents, they caused the brick to fall. The proof upon this point is that the brick came from the front of the building. This was the place

where the defendants worked when engaged in the construction. While there were other contractors and workmen engaged in constructing this building when the brick fell, yet it does not appear that any of these persons were at work upon the front of the building, the point from which the brick came, nor would the performance of their contracts bring them to this point, as the defendants' contract was for the construction of these walls. It was conceded by the defendants upon the trial " that these defendants were at work upon the building in question at the time the boy was injured — in front of the building 379 East Tenth street, in front of which this boy claims he was injured," and the proof is that about an hour after the accident men were at work upon the scaffold building the wall. The concession as made dispensed with the necessity of the plaintiff's showing that the men were at work upon the scaffold and front wall at the time when the brick fell. The case, therefore, as made by the plaintiff, tended to show that the defendants at the time of the injury were at work upon this scaffold in the erection of the front wall over the point where this boy was injured. I think that these facts warranted the jury in drawing the inference that the defendants were responsible for the falling brick. Nothing which appears in the record, or which was said by the Court of Appeals in *Wolf* v. *American Tract Society* (164 N. Y. 30), is controlling of this case. In that case it was shown that there were 19 independent contractors at work upon the building when the brick fell, and that they employed in all about 250 men. At the time of the injury there were in the building and at work masons, carpenters, steamfitters, elevator men, electric light people and various other workmen throughout the building. There was no proof showing from what point in the building the brick came, or who of all the workmen set it in motion. To say that one rather than another caused the brick to fall rested upon conjecture only. This moved the court to say that there could be no ground for charging liability *in solido* upon all the contractors, or for the selection of one rather than another as the author of the wrong in the absence of any proof of the identity of such person in connection with the act. The court in that case did not in the slightest degree depart from the well-settled and salutary rule which holds all persons to a rigid degree of care when engaged in carrying on work

over public thoroughfares through which people are liable at any moment to be or pass. The decision rested upon the ground that no person was identified as responsible for the act, and no proof was given which would authorize an inference that one was more responsible than another. Clearly, the present case is distinguishable. Here the defendants had the contract to erect the front wall, and they alone of all the contractors engaged upon the building worked at this point. And when the brick fell it bounded down the scaffold upon which they were at work. This case is more nearly like the case of *Dohn* v. *Dawson* (90 Hun, 271; affd., 157 N. Y. 686).

It may be that the facts in that case upon which to found liability were stronger than in the case at bar, but this fact does not require that we reach a different result when the proof is sufficiently strong to authorize an inference of responsibility; and as I view this evidence, it was sufficiently strong to authorize the verdict which has been rendered.

For these reasons I am unable to concur in the views expressed in the prevailing opinion, and conclude that the judgment should be affirmed.

O'Brien, J., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.