## BISHOF v. LEAHY et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1900.)

1. NEGLIGENCE—BUILDINGS—FALL OF MATERIALS—LIABILITY.

    Plaintiff was struck by a window frame and some bricks falling from the upper story of a building. One of the defendants had the masonry contract for the building; and the other, the contract for the carpenter work. The carpenters set the frame which fell, and fastened it with one brace from the side to the floor, completing the work before noon, and were not thereafter in that neighborhood. The accident occurred early in the afternoon, and none but masons were on that floor at the time. There was a high wind, and there was some evidence that one brace was insufficient. *Held,* that a verdict against both defendants was justified by the evidence.

2. SAME—DAMAGES.

    Plaintiff was struck by a window frame and some bricks falling from the upper story of a building. His head was cut, and he was badly bruised. He was confined to his bed for two weeks, and to the house for three weeks longer. After the accident he was subject to violent headaches several times a week, and to fits of dizziness, neither of which had he been subject to before the accident, and there was some evidence that these conditions would be permanent. *Held,* that a verdict for $1,000 was not excessive.

Appeal from trial term, Kings county.

Action by George Bishof against Thomas B. Leahy and another for damages for injuries received by plaintiff by being struck by falling material from a building. There was evidence that plaintiff was rendered unconscious by the blow, and that when his head was dressed several stitches were taken in his scalp. Plaintiff testified that he had violent headaches several times a week, and that he was subject to dizziness, neither of which had he been subject to prior to the accident. He was confined to his bed for two weeks, and to the house three weeks longer. His attending physician testified that plaintiff had had concussion of the brain, and there was evidence that his headaches and dizziness would probably continue for some time, and might possibly be permanent. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant Leahy appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Frank V. Johnson, for appellant.

Louis Wendel, for defendant Herrel.

John C. Robinson, for respondent.

WOODWARD, J. This is an action for negligence. The plaintiff was employed to do certain work upon a building on West Forty-Third street, in the city of New York, by a contractor independent of the defendants, who were engaged in doing the carpenter and mason work upon the building under separate contracts. While performing this independent labor the plaintiff was injured by the falling of a window frame and a portion of the bricks from the newly-laid wall from an upper story, and the learned court charged the jury that "such a falling from above of these articles upon a man engaged at

work below naturally calls for an explanation. He was in no wise, so far as the testimony is concerned, associated with anything that led to the detachment of these articles, and caused them to fall down upon him at the place where he was at work; and the law, therefore, raises the presumption that somebody must have been negligent." There was no exception to the charge, and the court charged substantially all of the requests of the defendants, so that the only question presented upon this appeal from the judgment entered upon the verdict of the jury, and from the order denying the motion for a new trial upon the minutes, is whether the evidence supports the verdict. Defendant Leahy had the contract for the mason work. The evidence shows that the wall of the building, on the side where the accident occurred, had been built up to the point where it was necessary to put in the window frames; that the defendant Herrel had the contract for the carpenter work; and that his men put the window frames in position, and fastened the one which fell with a single brace, nailed to the side of the frame, and to a joist put in for the floor. This work was completed before noon, and Herrel's men left the upper portion of the building. Soon after 1 o'clock in the afternoon the brace which held the window frame was broken,—by what means does not appear,—and it fell, carrying with it a portion of the wall, resulting in the injury complained of by the plaintiff. Leahy's men were in possession of the upper story of the building at the time, and it is urged by the defendant Herrel that as the window frame was properly placed, and the accident occurred by the breaking of the brace, which showed no inherent defects, the burden of explaining the accident was upon Leahy. On the other hand, it is claimed that the window frame was not properly braced, and that the accident was caused by the wind blowing it over. The jury took all of these matters into consideration, no doubt, in arriving at its verdict; and we are not prepared to say that the conclusion is not justified by the evidence. Some one was to blame for the falling of this window frame, and the resulting injury to the plaintiff. Both of the defendants were engaged in the work of placing these windows in the wall, and it is evident from the circumstances of this case that neither of them exercised that degree of care which might be said, as a matter of law, to exonerate them. The charge of the trial court pointed out the difficulties of arriving at a correct conclusion, and suggested what the jury might properly do in the various lights in which the case was presented, and we are of opinion that no better adjustment of the controversy is likely to follow in the event of a new trial. The verdict for $1,000 does not appear excessive, in view of the injuries which the plaintiff sustained. The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.