plaintiff.   In this case, as has been said, the defendant does a large business.   It has invested some $650,000 in its plant, and it employs some 70 or 80 men.   Apparently it is using the most improved apparatus, is not guilty of any negligence, and an injunction, such as is asked for, would compel it to close its works.   On the other hand, the injury done to the plaintiff is occasional, depending upon the direction of the wind.   It is comparatively small, not amounting to over $25 a year.

In Campbell v. Seaman, 63 N. Y. 568, 20 Am. Rep. 567, the court decided to grant an injunction.   In that case it said that the remedy at law was not adequate.   The trees and vines of the plaintiff were being destroyed, and no one could be compensated for such a loss.   It also stated that the fact that the nuisance was only occasional, as in this case, was not, in itself, an answer to the claim for an injunction. But the court also said that where the damage to one complaining of a nuisance is small or trifling, and the damage to the one causing the nuisance will be large, in case he be restrained, the courts will sometimes deny an injunction.   And it went on to show that the damages in that case to the defendant, Seaman, would not be large.   Substantially the same proposition is stated in Riedeman v. Mt. Morris Electric Light Co., 56 App. Div. 23, 67 N. Y. Supp. 391.   "In exercising its jurisdiction," the court says, "a court of equity always considers the equities presented in the particular case in which it is asked to interfere; and it is the rule that, where an injunction would cause serious injury to an individual or the community at large and a relatively slight benefit to the party asking its interposition, injunctive relief will be denied and the parties left to their remedy at law."

Such a case is presented here.   A permanent injunction would do so great damage to one party, and give comparatively so small a relief to the other, that it should not be granted.   The only real reason for granting it would be to prevent a multiplicity of suits; but, in view of the amount of the damages sustained and the provisions of the Code with regard to costs, as a practical matter an injunction is not necessary for that purpose.

I therefore come to the conclusion that the plaintiff's complaint must be dismissed, but without costs.   Proper findings may be prepared, and, if not agreed upon, will be settled upon due notice.

Complaint dismissed, without costs.

(49 Misc. Rep. 620)

### CAFFI v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term.   December 27, 1905.)

1. RAILROADS—NEGLIGENCE—CARE AS TO PERSONS IN RAILROAD YARD.
    A railroad owes one lawfully in its yard, while in the employ of an independent contractor, the duty of using reasonable care to avoid injuring him.
    [Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 874.]
2. SAME—ABSENCE OF SIGNALS—EVIDENCE—INFERENCE OF NEGLIGENCE.
    Where plaintiff, while in defendant's railroad yard in the course of his employment by an independent contractor, was struck in the night-time by the tender of a locomotive, alleged to have approached without lights or sign of warning, proof that lights were customarily placed

on approaching engines at the place of accident would support an inference of negligence from the particular omission, where no substituted warning was employed.

3. SAME—EVIDENCE—REDIRECT EXAMINATION—ERROR.

Where, in an action by an employé of an independent contractor, struck while lawfully in defendant's railroad yard by an engine tender in the nighttime, plaintiff on cross-examination stated that he could see for a distance of two blocks at the place of the accident, it was error to exclude on redirect examination plaintiff's explanation as to such statement, as the same did not exclude the probability that he could not distinguish the dark bulk of an unlighted locomotive at that distance, nor that there was an obscured space intervening between his position and the lights two blocks away, whereby nearer objects were less discernible than those on which the light immediately fell.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 1000.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Raffaelo Caffi against the New York Central & Hudson River Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

John C. Oldmixon, for appellant.

Robert A. Kutschbock, for respondent.

BISCHOFF, J. The plaintiff, while present at the defendant's railroad yard, in the course of his employment by an independent contractor, was struck by the tender of a locomotive, which, as he claims, had approached without lights or sign of warning; the accident having occurred in the nighttime, and with more or less obscurity in the condition of artificial light. The issue of fact as to whether the tender carried a light would seem to have been given too scant importance by the justice, so far as his stated grounds of decision would indicate. The defendant owed this plaintiff a duty of using reasonable care (Wells v. Railroad Co., 67 App. Div. 212, 74 N. Y. Supp. 196), and the proof that lights were customarily placed upon approaching engines at this place would support an inference of negligence from the particular omission, where no substituted warning was employed. The opinion, however, is not technically a part of the record, and we do not place our reversal of the judgment upon this ground.

A new trial should be had for error in the exclusion of testimony sought to be elicited on redirect examination of the plaintiff to explain his statement on cross-examination that he could see for a distance of two blocks at the place of the accident. This statement, when made, by no means excluded the probability that he could not distinguish the dark bulk of an unlighted locomotive at that distance, nor that there was an obscured space intervening between his position and the lights two blocks away, whereby nearer objects were less discernible than those upon which the distant light immediately fell. The explanation sought to be made was well within the scope of a redirect examination, and there is no apparent reason for

the ruling which excluded evidence which was most relevant to the important question of the plaintiff's exercise of ordinary care for his own safety.

The judgment is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event.

SCOTT, P. J., concurs.

MacLEAN, J. The judgment should be affirmed, in my opinion, upon the opinion and finding of the learned trial justice.