ALLIS–CHALMERS CO. v. REILLEY.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,208.

NEGLIGENCE—ACTION FOR PERSONAL INJURY—SUFFICIENCY OF EVIDENCE—QUESTIONS FOR JURY.

Plaintiff was employed by an independent contractor in putting a steam-heating plant into the large shop of defendant, and was in the habit of walking on rails used by traveling cranes which extended 300 feet, the length of the shop, as the only available means of reaching his work. Such custom was known to those operating the cranes, who had been warned to look out for him; but, on one occasion, as plaintiff was sitting on one of the rails handing some tools to a helper below, one of the cranes, the engineer of which was not looking, struck and knocked him from the track, causing his injury. He was not watching the crane, which when he stooped down was standing still 150 feet away. *Held*, that it could not be said as matter of law that plaintiff was guilty of contributory negligence in not keeping his eyes on the crane while engaged in his work, and that the jury was justified in finding that he was licensed to use the track; that he was not negligent, and that the engineer of the crane was negligent in failing to keep a lookout for plaintiff.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 333–346.]

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

The action in the Circuit Court was to recover damages for personal injuries suffered through the alleged negligence of the plaintiff in error. The result of the action was a verdict for the defendant in error for the sum of seven thousand dollars, upon which judgment was entered. The principal assignments of error are, that a motion of plaintiff in error at the conclusion of defendant in error's evidence, and again at the conclusion of the trial, to direct a verdict for the plaintiff in error was overruled. Other assignments of error are as to requests for instructions by the plaintiff in error, not given, and to instructions given to which plaintiff in error excepted.

The facts are stated in the opinion.

E. P. Vilas, for plaintiff in error.

O. W. Bow and Joseph B. Doe, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The injury to defendant in error was caused by a large electric crane striking him while delivering his tools to an assistant while seated on the T-rail of the track on which the crane ran. At the time of the accident, the defendant in error was in the employ of an independent contractor, and was employed in the placing of steam heating apparatus in the shop belonging to the plaintiff in error.

The T-rail on which the accident took place, was about thirty feet above the floor. There were two of them, about seventy feet apart, running the whole length of the building, three hundred feet. The cranes traveling these rails were used to carry iron and other articles for plaintiff in error from one place to another in the shop, having no connection with the independent work on which defendant in error was engaged. The only fact tending to show defendant in error's right to be on the rail was his habit, known to the men running the crane, of going to and from his work over the rails— that being the only way available to reach his work; as also the fact that the engineer in charge of the crane that struck him knew of this habit, and had been told as late as the morning of the accident, to look out for him.

On the day of the accident, defendant in error having gotten some tools, walked down the track to the place where he was about to work, one of the cranes following him. "The first thing I did," said the defendant in error in his testimony, "when I got back with the tools, was to hand them down to my helper. I was standing on the girder with one foot on each side of the track on top, and I sat down on my heels and handed him down the tools. As I leaned over Kadd (the helper) took the tools away from me, and just as I went to get up, the crane struck me and knocked me down." The crane that struck him was not the one that had followed him, but one coming from the opposite direction. This crane he had seen several hundred feet away, before he had sat down, but it was then standing still.

The engineer of the crane that struck him tells of the accident as follows:

"On the trip on which Mr. Reilley [defendant in error] was hurt, I started my crane from where I picked up the bucket of sand, probably forty feet from the east end of the shop [fully one hundred and fifty feet from where Reilley was sitting]. When I started the crane, I did not look ahead and down the tracks. I hoisted up the bucket of sand until I thought I had it up high enough, and then I started to travel down the track, running the carriage over in such a position so that it would clear the obstructions along the floor. I had probably traveled one hundred and twenty feet, when I felt that the crane had struck something, and immediately heard Reilley call for me to stop."

The evidence that went to the jury to show that Reilley had license to use the track, was in our judgment sufficient to justify such finding. That being the case, the remaining questions were: Was the engineer negligent? Was Reilley free from negligence? Had the engineer of the crane looked ahead, the accident would not have occurred. Had Reilley kept his eye upon the crane, as he saw it at rest, the accident would not have occurred. The accident occurred because, in the interval of a minute or two, between the starting of the crane and the striking of Reilley, neither one was looking out for the other.

The failure of the engineer to look constantly ahead justified, in our judgment, the finding of the jury that the engineer was guilty of negligence. The engineer of a crane, running upon a track upon which others are licensed to walk or work, is under obligation to keep a lookout that is without interruption. His position in that respect is like that of an engineer of a locomotive in respect to persons licensed to be upon the railway tracks.

The jury was justified, too, in our judgment, in finding that in not keeping his eye constantly upon the crane, Reilley was not guilty of contributory negligence. Reilley's work at the moment was to hand down the tools. This required that he should give his attention to that performance. He was under no obligation to anticipate that the crane at rest would start up without warning, or that the engineer would not be on the lookout, or would run him down without warning. We are not prepared to hold, as a matter of law, that for the minute or two during which he did not look, Reilley was not exercising reasonable prudence—the prudence that a reasonably careful man in a like position would have exercised.

The assignments of error that relate to instructions given and instructions refused, present no reversible error. And as none of the assignments present legal questions that are not elementary we deem it useless—the judgment of the lower court being affirmed—to review them in detail.

The judgment of the Circuit Court is affirmed.