JOHN A. KELLY v. JOSEPH TYRA.[1]

January 24, 1908.

Nos. 15,401—(150).

**Fellow Servants.**

Persons employed by different masters, although engaged in a common work, are not ordinarily fellow servants.

**Same.**

Servants in the hire of a general employer and servants of his subcontractor, or of an independent contractor, are not fellow servants, unless the circumstances show that the servant submitted himself to the control of another person than his proper master, and either expressly or impliedly consented to accept that person as his master for the purpose of the common employment.

**Volunteer.**

A "volunteer" is one who introduces himself into matters which do not concern him, and does, or undertakes to do, something which he is not legally or morally bound to do, or which is not in pursuance or protection of any interest. To such a person, in the absence of knowledge of peril, no affirmative duty to exercise care is due.

**Master's Liability to Another Master's Servant.**

Where the servant of one master has an interest in the work in any proper capacity, and at the request or with the consent of another's servants undertakes to assist in the work, he does not do so at his own risk; and, if he is injured by their carelessness, their master is responsible in tort.

**Injury to Licensee.**

Here plaintiff was in the employ of a building contractor. Servants of a roofing subcontractor, using large planks of the contractor, with his consent, were about to "take them down" from the girders upon which they rested to the floor below. One of defendant's servants saw plaintiff coming and said: "Look out Kelly (the plaintiff), and get your wheelbarrow out of the way." The plaintiff went to remove the wheelbarrow. A plank fell on him and inflicted the injuries for which recovery is here sought. It is *held:*

1. That the action of the jury in finding that "he was rightfully there" as a licensee with interest will not be disturbed.

2. That defendant was responsible for the tort of his servant.

[1] Reported in 114 N. W. 750; 115 N. W. 636.

Action in the district court for Hennepin county to recover $4,605 for personal injuries. The case was tried before Frederick V. Brown, J., and a jury which found for plaintiff in the sum of $1,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

This action was brought by plaintiff to recover for personal injuries as a result of defendant's alleged negligence. One Robinson, plaintiff's employer, who had the contract to construct a crematory building, sublet the roofing thereof to defendant. Defendant's servants, Michaelson and another, procured the consent of the contractor's foreman to use in their work large planks belonging to the contractor, extending from girder to girder, twenty two feet from the ground, "providing you take them down." Michaelson, on the occasion of the injury, told the men working on the floor below to look out, as he was "going to take them [the planks] down." He saw plaintiff coming, and said to him: "Look out, Kelly, and get your wheelbarrow out of the way." Plaintiff left his place of safety and came to the point of danger under the plank. While plaintiff was under the plank for the purpose of removing the wheelbarrow, the plank fell on him and inflicted the injuries for which recovery is here sought. The jury returned a verdict for plaintiff in the sum of $1,000. This appeal was taken from an order of the trial court denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial.

*C. H. Rossman*, for appellant.

*Woods, Kingman & Wallace*, for respondent.

JAGGARD, J. (after stating the facts as above).

The negligence of defendant's servants in this case was sufficiently shown. See McCauley v. Norcross, 155 Mass. 584, 30 N. E. 464, Dohn v. Dawson, 90 Hun, 271, 35 N. Y. Supp. 984. Cf. Hunt v. Pennsylvania, 51 Pa. St. 475.

1. The principal question presented by this appeal concerns plaintiff's right to complain of that negligence. This is one of the frequently recurring cases in which servants of different masters assist each other upon request in work connected with their employment. The law has treated such cases with due reference to the practical desira-

bility of making possible co-operation between such servants for the benefit of their common objects, without violating the logic of their respective contracts of service. Such servants are not usually regarded as fellow servants, and are not held to have assumed the risk of the negligence of the servant of another master by which they may have been injured. This follows from the elementary rule that persons employed by different masters are not usually fellow servants. Pollock, Torts, 86, 88; Barrows, Neg. 130. And see note on "which one of two or more persons is the master of one who is conceded to be the servant of one of them" (Hardy v. Shedden Co., 78 Fed. 610, 24 C. C. A. 261, 37 L. R. A. 33, Brady v. Chicago & G. W. Ry., 114 Fed. 100, 52 C. C. A. 48, 57 L. R. A. 712, and Delory v. Blodgett, 185 Mass. 126, 69 N. E. 1078, 64 L. R. A. 114, 102 Am. St. 328), although they may have a common object. See Pollock, C. B., in Abraham v. Reynolds, 5 H. & N. 142. Ordinarily servants in the hire of a general employer and servants of a subcontractor or of an independent contractor are not fellow servants. Larson v. American, 40 Wash. 224, 82 Pac. 294, 111 Am. St. 904; Engler v. City, 40 Wash. 72, 82 Pac. 136; Wagner v. Boston, 188 Mass. 437, 74 N. E. 919; Morgan v. Smith, 159 Mass. 570, 35 N. E. 101; Young v. New York, 30 Barb. (N. Y.) 229; Dohn v. Dawson, supra; Bishof v. Leahy, 54 App. Div. 619, 66 N. Y. Supp. 342; Norman v. Middlesex, 71 N. J. L. 652, 60 Atl. 936; Kilroy v. Delaware, 121 N. Y. 22, 24 N. E. 192.

The English rule accords. The controversey has been largely connected with the discussion of Wiggett v. Fox, 11 Exch. 852 (*832). There the defendant, having contracted to erect a tower and having hired a subcontractor to do piecework, provided the scaffolding and tools, and kept an account of the time of employees of the subcontractor. It was held that such employees were engaged in a common employment with the contractor's other servants, and as a matter of law were their fellow servants. The various views and the general disapproval of this decision will be found in the note to 37 L. R. A. 52, in which the best discussion of this general subject will be found. The final conclusion is thus fairly summarized by Lord Watson in Johnson v. Lindsay (1891) App. Cas. 371, affirmed in Cameron v. Nystrom (1893) App. Cas. 308: "I can well conceive that the general

servant of A. might, by working towards a common end along with the servants of B. and submitting himself to the control and orders of B., become pro hac vice B.'s servant in such sense as not only to disable him from recovering from B. for injuries sustained through the fault of B.'s proper servants, but to exclude the liability of A. for injury occasioned by his fault to B.'s own workmen. In order to produce that result, the circumstances must, in my opinion, be such as to show conclusively that the servant submitted himself to the control of another person than his proper master, and either expressly or impliedly consented to accept that other person as his master for the purposes of the common employment." And see Cooper v. Wright, (1902) App. Cas. 302, and Swanson v. N. E. Ry., 38 L. T. N. S. 201. Cf. Bentley v. Edwards, 100 Md. 652, 60 Atl. 283, 286, 287; Pioneer v. Hansen, 176 Ill. 100, 52 N. E. 17; Aldritt v. Gillette-Herzog Mnfg. Co., 85 Minn. 206, 88 N. W. 741.

The circumstances of this case render it unnecessary to resort to other tests, like payment of wages, or hiring or discharging, to determine whether or not the relationship of fellow servant existed. Plaintiff was not under the control of the defendant's servants, and was not their fellow servant. Though they were engaged in a common employment, they had no common master. Plaintiff was in the employ of the contractor. The laborers through whose fault he was injured were in the employ of the subcontractor. Defendant's argument, however, is that plaintiff became a fellow servant by undertaking to assist defendant's servants at their request by removing the wheelbarrow. Defendant's own servant testified that he had said to plaintiff, Kelly: "Get your wheelbarrow out of the way." The natural inference was that the wheelbarrow was in plaintiff's charge. The trial court properly refused to hold as a matter of law that plaintiff was either an assistant or a substitute, and had submitted himself to the control of defendant or of his servants.

Nor was plaintiff as a matter of law a mere volunteer. A volunteer is one who intrudes himself into matters which do not concern him, or does or undertakes to do something which he is not legally nor morally bound to do, and which is not in pursuance or protection of any interest. See 8 Words & Phrases, 7357. To one who

is a volunteer, properly speaking, even if assisting in the master's work at the request of a servant, no affirmative duty to exercise care is due originally, but only after knowledge of peril. Cincinnati v. Finnell (Ky.) 57 L. R. A. 266, 55 S. W. 902; Wischam v. Rickards, 136 Pa. St. 109, 20 Atl. 532, 10 L. R. A. 97, 20 Am. St. 500; New Orleans v. Harrison, 48 Miss. 112, 12 Am. 356; Osborne v. Knox, 68 Me. 49, 28 Am. 16; Mayton v. Texas, 63 Tex. 77, 51 Am. 637; Sherman v. Hannibal, 72 Mo. 62, 37 Am. 423; Everhart v. Terre Haute, 78 Ind. 292, 41 Am. 567; Rhodes v. Georgia, 84 Ga. 320, 10 S. E. 922, 20 Am. St. 362; Atchison v. Lindley, 42 Kan. 714, 22 Pac. 703, 6 L. R. A. 646, 16 Am. St. 515; Church v. Chicago, M. & St. P. Ry. Co., 50 Minn. 218, 52 N. W. 647, 16 L. R. A. 861; Wagen v. Minneapolis & St. L. R. Co., 80 Minn. 92, 82 N. W. 1107; Evarts v. St. Paul, M. & M. Ry. Co., 56 Minn. 141, 57 N. W. 459, 22 L. R. A. 663, 45 Am. St. 460; Atlanta v. West, 121 Ga. 641, 49 S. E. 711, 67 L. R. A. 701, 104 Am. St. 179. Cf. Stevens v. Chamberlin, 100 Fed. 378, 40 C. C. A. 421, 51 L. R. A. 513. And see Potter v. Faulkner, 1 B. & S. 800; Degg v. Midland, 1 Hurl. & N. 773.

There is, however, an increasing class of cases in which the exercise of proportionate care is held to be due to servants of different masters who assist in the performance of a service mutually beneficial to such employers. Thus a servant of a shipper, who, to prevent delay, aids the servants of a carrier in shunting cars, is not a mere volunteer assisting defendant's servants, although on request, but is regarded as having been on defendant's premises with a purpose of expediting the delivery of his own goods. The carrier is liable to him for the negligence of its servants. Holmes v. Northeastern, L. R. 4 Exch. 254; L. R. 6 Exch. 123; Wright v. London, L. R. 1 Q. B. Div. 252; Abraham v. Reynolds, 5 Hurl. & N. 142. And see Hannigan v. Union, 3 App. Div. 618, 38 N. Y. Supp. 272; Connors v. Great Northern, 90 App. Div. 311, 85 N. Y. Supp. 644. Cf. Elliott v. Hall, L. R. 15 Q. B. Div. 315. So one with an interest, who is requested by another's servant to assist in adjusting or fixing an instrumentality, is not a mere volunteer, but is within the rule requiring the exercise of due care. Meyer v. Kenyon-Rosing M. Co., 95 Minn. 329, 104 N. W. 132; Empire v. Brady, 60 Ill. App. 379. "The distinction running through all the

cases is this: That where a mere volunteer—that is, one who has no interest in the work—undertakes to assist the servants of another, he does so at his own risk. In such a case the maxim of respondeat superior does not apply. But where one has an interest in the work, either as consignee or the servant of a consignee, or in any other capacity, and at the request or with the consent of another's servants undertakes to assist them, he does not do so at his own risk, and, if injured by their carelessness, their master is responsible. In such a case the maxim of respondeat superior does apply. The hinge ·on which the cases turn is the presence or absence of self-interest. In the one case, the person injured is a mere intruder or officious intermeddler; in the other, he is a person in the regular pursuit of his own business and entitled to the same protection as any one whose business relations with the master expose him to injury from the carelessness of the master's servants." O'Donnell v. Maine, 86 Me. 552, 565, 30 Atl. 116, 25 L. R. A. 661.

And see Pennsylvania v. Gallagher, 40 Oh. St. 637, 48 Am. 689; Street Ry. Co. v. Bolton, 43 Oh. St. 224, 1 N. E. 333, 54 Am. 803; Eason v. S. & E. T. Ry. Co., 65 Tex. 577, 57 Am. 606; Marks v. Rochester, 77 Hun, 77, 28 N. Y. Supp. 314; Cleveland v. Spier, 16 C. B. (N. S.) 399; 2 Labatt, M. & S. 1860, § 632 (approved in Meyer v. Kenyon-Rosing Machinery Co., 95 Minn. 329, 104 N. W. 132); 26 Cyc. 1085. The requirement of care applies, a fortiori, when such person is injured in the justifiable attempt to protect the property of his master in his charge from damage by the instrumentality of another master. Weatherford v. Duncan, 10 Tex. Civ. App. 479, 31 S. W. 562. Within these principles it is clear that plaintiff was not as a matter of law, a mere volunteer.

The jury was justified ·in finding that, in the words of the charge, plaintiff "was rightfully there." He was not a trespasser, for he was on the premises by virtue of the agreements between the contractor and the owner and the contractor and the subcontractor. As was said in Heaven v. Pender, 49 L. T. (N. S.) 357, per Cotton, L. J., at page 361: "The plaintiff was therefore engaged in work in the performance of which the defendant was interested." It has been said that "one who, in furtherance of his own interests or those of his master, assists the

servants of another in the performance of their work, is neither a fellow servant of such servants, nor a mere volunteer, but occupies a third position, namely, that of a licensee with an interest." Rombauer, P. J., in Ryan v. O'Brien, 68 Mo. App. 148, 151. Usually, however, actions based on the negligent infringement of the rights of licensees with an interest are brought against the owner of premises. No liability of the landowner is here involved. This distinction does not relieve defendant from the duty essentially similar, nor does it deprive plaintiff of his right to recover for its violation. That plaintiff was entitled to the exercise of care, see Pickwick v. McCauliff, 193 Mass. 70, 78 N. E. 730; Johnston v. Ott, 155 Pa. St. 17, 25 Atl. 751; Rink v. Lowry, 38 Ind. App. 132, 77 N. E. 967 (collecting cases at page 970); Steele v. Grahl-Peterson Co. (Iowa) 109 N. W. 882 (collecting cases at page 884). And see Power v. Beattie (Mass.) 80 N. E. 606; Allis-Chalmers Co. v. Reilley, 143 Fed. 298, 74 C. C. A. 436; Caffi v. New York Central, 49 Misc. 620, 96 N. Y. Supp. 835; 8 Current Law, 1097. It is significant that the authorities generally incline to impose a larger obligation than that of merely not setting a trap for persons who are properly at the place at which they are injured. Harris v. Perry, 89 L. T. (N. S.) 174, 176 (1903). And see Bennett v. Railroad Co., 102 U. S. 577, 26 L. Ed. 235; Wilson v. Olano, 28 App. Div. 448, 51 N. Y. Supp. 109; Baker v. Tibbetts, 164 Mass. 412, 39 N. E. 350; Elliott v. Hall, supra; Wagner v. Boston, 188 Mass. 437, 74 N. E. 919. And see 1 Thompson, Neg. (2d Ed.) 949.

The danger created by the present defendant's servants in this case was not remote nor merely negative, as occurs, for example, in cases of insecure fastenings on structures not intended to be used by persons of the injured workman's class. It was imminent and affirmative. The situation was in morals not at all like the setting of a trap, but in practical effect much resembled such an act. Cf. Lottman v. Barnett, 62 Mo. 159, 168.

2. It appears from the evidence, as previously stated, that defendant's servants were in fact, according to the verdict, engaged in their master's work at the time of the alleged negligence, and that plaintiff was injured because of the fall of an instrumentality which they were using. They did not, as a matter of law, step aside from their master's

business, "for however short a time, to do an act not connected" with it. See Theison v. Porter, 56 Minn. 555, 563, 58 N. W. 265. What they did may fairly be regarded as in the furtherance of their master's business and in the line of their duty; nor does it appear that it was in any wise in excess of express instructions. Defendant's title to the planks is immaterial. It is significant that those planks were being used by defendant's servants, and not by another. See Highbanks v. Boston, 92 Iowa, 267, 60 N. W. 640.

3. The most serious question in this case arises from the erroneous cross-examination under the statute of an employee of defendant under the mistaken impression that defendant was a corporation, whereas it was in fact a partnership. Defendant, however, expressly admits that, if plaintiff was entitled to recover anything, the verdict was reasonable. We understand, also, that he does not wish a new trial. No reason suggests itself why, under these circumstances, he should be compelled to prolong this litigation.

Order affirmed.

On March 27, 1908, the following opinion was filed:

PER CURIAM.

Reargument in this case was allowed after the original opinion had been filed, in view of a question whether there had been misapprehension as to defendant's desire for a new trial. The following question was then fully argued and considered de novo, viz.: Was defendant entitled to a new trial because of error in permitting plaintiff to cross-examine a witness under R. L. 1905, § 4662, under the mistaken impression that defendant was a corporation, whereas in fact defendant was an individual?

The law applicable to that question is clear. The ruling of the court was erroneous. Prejudice is presumed. A new trial must be granted unless the record affirmatively shows that the error did not in fact result in prejudice. R. L. 1905, § 4198. With this in view we have carefully re-examined and reconsidered the record. The evidence introduced would have been proper on ordinary direct examination. Use of privileges peculiar to cross-examination was not made. It affirmatively appears that the error was not prejudicial. Affirmed.