### ZETTEL v. TAYLOR et al.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

1. PLEADING—COMPLAINT—FAILURE TO TRAVERSE.

   Allegations of a complaint are admitted by defendant's failure to deny them.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 270–275.]

2. NEGLIGENCE—INJURY TO PEDESTRIAN—EVIDENCE—SUFFICIENCY.

   That, while defendant was constructing a fire escape above a sidewalk, a hammer used in "fixing" fire escapes fell upon a pedestrian, and that immediately thereafter other tools used in such work were found on the fire escape above the sidewalk, shows prima facie that the accident happened through defendant's negligence; no other work upon the building appearing to be in progress.

Appeal from Trial Term, Kings County.

Action by Meyer Zettel against James Taylor and others. From a judgment for plaintiff, defendant Taylor appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

W. E. Benjamin, for appellant.

Nathan D. Stern (Julius J. Michael, on the brief), for respondent.

RICH, J. The only question presented for our consideration by this appeal is whether upon the trial there was sufficient evidence connecting the defendant with the happening of the accident to justify the submission of the case to the jury. The complaint alleges "that the defendant James Taylor was at all the times hereinafter mentioned engaged in the construction, building, repairing, and placing of certain iron fire escapes and the appurtenances thereto belonging" upon a building in the city of New York. This allegation includes the time of the accident, and is admitted by the failure to deny it. The evidence shows that between half-past 11 in the forenoon and noon, while the plaintiff was passing along the sidewalk in front of the building upon which the defendant was engaged in constructing the fire escape, an iron worker's hammer, weighing from eight to ten pounds, "that they fix those fire escapes with," as the plaintiff says, fell from above and struck him on the head, inflicting the injuries for which he has recovered. Immediately after the accident tools and instruments used for putting up fire escapes were found lying on the fire escape at the fourth or fifth story of the building—some 40 or 50 feet above the sidewalk—and the witness who found them testified that he did not see any other workmen about and did not see any tools, except on the fire escape. The defendant gave no evidence.

I think the uncontradicted evidence, in connection with the admission, sufficiently connected the defendant with the accident to establish a prima facie case. Wolf v. American Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241, and Jack v. McCabe, 56 App. Div. 378, 67 N. Y. Supp. 810, cited by the appellant, are not in point. In those cases the employés of a large number of independent contractors were engaged in work upon the building at the time of the accident, and it was not shown which contractor's employés were guilty of the negligence resulting in the accident. In the case at bar it does not appear that any work was being done upon the building, except by the servants of the defendant. The distinction is clearly apparent.

The judgment and order must be affirmed, with costs. All concur.