## M. C. MOORE v. VILLAGE OF GILBERT.[1]

January 26, 1940.

No. 32,327.

[1]Reported in 289 N. W. 837.

*Carl H. Schuster,* for appellant.

*S. S. Dahl,* for respondent.

STONE, JUSTICE.

Defendant appeals from the order denying its alternative motion for amended findings or a new trial after decision for plaintiff.

Defendant has an ordinance making unlawful the moving of buildings within its corporate limits without a written permit from the village council. There is a flat charge of $50 for each permit. Violation is punishable by fine or imprisonment. In June, 1936, plaintiff, desiring to move a number of houses from within defendant's limits to places outside, was required to secure permits, for which he paid $550. As a practical matter, the ordinance, with its penal provisions, required him to pay. In addition, and under the statute about to be mentioned, he was required to pay the water and light department of defendant an additional $220, advance reimbursement for any expenses incurred by the department caused by plaintiff's house-moving operations. That payment more than covered the actual outlay of defendant resulting from plaintiff's operations.

1 Mason Minn. St. 1927, § 2616, requires the movers of buildings so to do their work as not unnecessarily to "interfere with, damage or destroy any bridges, trees, hedges, fences, telephone or electric power poles, wires or cables" upon any street, alley,

or highway. There follows a provision that the owner of the poles, wires, or cables shall not be required temporarily to displace them to permit the moving of a building "until the reasonable costs of such displacement or temporary removal have been paid or tendered" by the person requiring it.

1. The ordinance upon which the defense rests may be conceded to be one in attempted exercise of the police power of the village. Even so, in order to be valid, it must not be in contravention of common right (4 Dunnell, Minn. Dig. [2 ed.] § 6753) or in conflict with general law, *Id.* (2 ed. & Supps.) § 6752. See State ex rel. Dann v. Hutchinson, 206 Minn. 446, 288 N. W. 845. The statute expresses the general law of the state as to exactions of money by a municipality, public utility, or other owner of property from one desiring to move a building over any highway. What the state in its sovereign capacity ordains concerning its highways is controlling against contrary utterance of a municipality. Therefore, because of its violation of the statute, we hold that the action of defendant village in requiring of plaintiff the payment of $550 in addition to the more than adequate sum paid to the water and light department to cover expenses is *ultra vires.* Doubtless the village may require a permit. But it has no power to exact therefor an amount in excess of the reasonable expense to be incurred.

2. Inasmuch as defendant was more than compensated by the payment to its water and light department, the additional exaction of $550 for removal permits was so unreasonable as to amount to illegal exaction. To permit defendant to retain that sum would be unconscionable enrichment of it at plaintiff's expense. Hence recovery *quasi ex contractu* is properly allowed. Town of Balkan v. Village of Buhl, 158 Minn. 271, 197 N. W. 266, 35 A. L. R. 470.

It is immaterial for this case whether defendant did or did not get plaintiff's money in its governmental capacity. Such capacity, without more, does not legalize what otherwise would be a sort of extortion. Swift Co. v. United States, 111 U. S. 22, 4 S. Ct. 244, 28 L. ed. 341.

3. Plaintiff did protest the payment, although not formally or with loud emphasis. Proceeding without the payment, he would have faced possible fine or imprisonment or an attempt thereat. He made the payment in protection of his own right to proceed with legitimate business. So he was not a volunteer. Joannin v. Ogilvie, 49 Minn. 564, 52 N. W. 217, 16 L. R. A. 376, 32 A. S. R. 581; Kelly v. Tyra, 103 Minn. 176, 114 N. W. 750, 115 N. W. 636, 17 L.R.A.(N.S.) 334. He was far from being an officious intermeddler. Restatement, Restitution, § 2.

Order affirmed.