WURTHLEE v. CONCRETE STEEL & TILE CONST. CO.

(Supreme Court, Appellate Term.  November 29, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—EVIDENCE.

Evidence as to the circumstances of an injury to plaintiff, an employé of defendant, while engaged in removing materials from a building, by being struck by a piece of falling wood belonging to defendant, *held* insufficient to connect defendant with the happening of the accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 913–932.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Christian Wurthlee against the Concrete Steel & Tile Construction Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Frank V. Johnson (Allan E. Brosmith, of counsel), for appellant.
Gavegan & McQuaid, for respondent.

PER CURIAM. The plaintiff was engaged, with others of the defendant's employés, in removing certain materials from a building on which the defendant had a contract. While in the act of taking bolts from a "barrow hoist," a piece of wood fell down the shaft, struck the plaintiff on the head, and inflicted injuries to recover damages for which this action was brought. The defendant appeals from a judgment rendered in the plaintiff's favor.

The happening of the accident was clearly established, and it was shown that the piece of wood which struck the plaintiff belonged to the defendant. It was not proven, however, that the wood was set in motion by any of the defendant's employés, or that they were in any way responsible for its fall. Furthermore, the plaintiff and his witnesses testified that the employés of several other contractors were at work on the upper floors of the building at the time. There is absolutely no evidence which tends to connect the defendant with the happening

of the accident, or which suggests, even remotely, any responsibility on its part in connection therewith. The record discloses merely the proof of an accident, and there is no attempt to show who was responsible for it. Certainly it cannot be said upon the evidence adduced that any negligence can be attributed to the defendant. The judgment must therefore be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.