## O'ROURKE v. GUY B. WAITE CO.

(Supreme Court, Appellate Division, First Department.   May 8, 1908.)

1. MASTER AND SERVANT—INJURIES TO THIRD PERSONS—CARE REQUIRED.

Where defendant's employés were engaged in laying concrete floors in a building in which other persons were working below, defendant was bound to exercise reasonable care to see that such others were not injured by the fall of materials used in the prosecution of defendant's work.

2. SAME—QUESTION FOR JURY.

In an action for injuries to plaintiff while laying brick in the basement of a building by being struck by a piece of iron which fell from above, evidence *held* to require submission to the jury of the question whether the iron which struck plaintiff was such as was used by defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1274.]

Ingraham and Houghton, JJ., dissenting.

Appeal from Trial Term.

Action by Michael O'Rourke against the Guy B. Waite Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Moses L. Malevinsky, for appellant.
William L. Kiefer, for respondent.

SCOTT, J.   Plaintiff appeals from a judgment dismissing his complaint.

The plaintiff was a bricklayer engaged in work upon a building on Riverside Drive in the city of New York.   He was working on the basement floor laying brick in a bay window at the front of the building.   The defendant was a contractor engaged in laying concrete floors upon an upper story.   The story upon which defendants' men were working was boarded over, but the boarding did not extend over the bay window in which plaintiff was working.   In putting in the concrete flooring defendant used short pieces of iron, described in the case as "channel irons," which were laid between the iron beams, and with these beams made a sort of webbing to hold the concrete. While the plaintiff was at work a piece of iron fell, striking him upon the head and producing the injuries for which he sues.   There was some confusion in the testimony as to the precise character and dimensions of the piece of iron which struck plaintiff; but there was testimony from which the jury would have been justified in finding that it was a piece of the channel iron used by defendant in the prosecution of its work.   There were other contractors at work on the building; but the evidence was to the effect that none of them used pieces of iron similar to that by which plaintiff was struck.   There can be no doubt that the defendant was bound to exercise a reasonable degree of care to see that other persons working in the building were not injured by the fall of materials used in the prosecution of the work; and, if the evidence was sufficient to identify the iron which struck plaintiff with that used by defendant, the burden would fall upon de-

fendant to show that it had not been negligent. Wolf v. Am. Tract Soc., 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241. In our opinion there was evidence to submit to the jury upon the question whether or not it was a piece of defendants' iron which struck plaintiff. If there was, it was error to dismiss the complaint.✗

The judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

LAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. I dissent. I think there was no evidence to show that the accident was caused by the negligence of the defendant or any of its employés.

HOUGHTON, J., concurs.