### MILLER v. LEVERING & GARRIGUES CO.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. MASTER AND SERVANT (§ 330*)—NEGLIGENCE OF SERVANT—INJURY TO THIRD PERSON.

Where a bricklayer, working on a scaffold outside a building directly under the scaffold of defendant's servants, who were putting up the steelwork, was struck by an iron bolt and injured, evidence that a certain bolt was found on the scaffold after the accident, that it was the kind used by defendant in such work, and that no other contractor on the building used such bolts was admissible as tending to raise an inference that defendant's servants carelessly dropped the bolt on the plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 330.*]

2. MASTER AND SERVANT (§ 332*)—NEGLIGENCE OF SERVANT—INJURY TO THIRD PERSON.

In an action by a bricklayer who, while on a scaffold outside a building, was injured by a falling bolt, evidence including competent testimony

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

excluded *held* sufficient to go to the jury as to whether the bolt was dropped by the negligence of defendant's servants.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 332.*]

McLaughlin, J., dissents.

Appeal from Appellate Term.

Action by Harry H. Miller against the Levering & Garrigues Company. From a judgment of the Appellate Term (126 N. Y. Supp. 1138), affirming a judgment dismissing the complaint at the close of the plaintiff's case and an order denying a motion for new trial, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Clifford C. Roberts, for appellant.
Allan E. Brosmith, for respondent.

INGRAHAM, P. J. [1] The action is for personal injuries. The plaintiff was a bricklayer, and on October 21, 1909, he was at work on a building in the course of erection on the corner of Fourth avenue and Twenty-Seventh street, in the employ of Andrew J. Robinson & Co., who were the general contractors. The defendants had a contract for the ironwork, and the iron workers were at the time of the accident riveting the iron girders from the ninth to the twelfth floor. The plaintiff was at work on a scaffold outside of the building at the seventh floor. On the morning of the accident the iron workers were building a scaffold immediately over the scaffold upon which the plaintiff was at work, when an iron bolt dropped from above and struck the plaintiff on the head, causing injuries to recover for which the action is brought.

The plaintiff testified that he had been working at the construction of buildings of this character for about 18 years, was familiar with the kind of bolts used by the structural iron workers. He was then shown a bolt which he testified had been given to him by a man who was working with him at the time of the accident, and was asked whether or not that was the kind of bolt used by the structural iron workers. That was objected to by the defendant, and the objection sustained. He was then asked whether this iron bolt was used in iron construction. That was objected to, and the objection sustained. He was then asked whether he had seen similar bolts in use by the iron workers on this building within a day or two of the accident. That was objected to, and the objection sustained. On cross-examination the plaintiff testified that other contractors were working in the building on the day of the accident; and on redirect he was asked whether the employés of other contractors were working directly above him on that day. That was objected to by the defendant, and the objection sustained.

Keehan, who was working on a scaffold with the plaintiff at the time of the accident, testified that prior to the accident there were no bolts on the scaffold; that immediately after the accident he picked up a bolt upon the scaffold. He was asked what kind of a bolt it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was, which was objected to, and the objection sustained. The witness testified that he caught the plaintiff as he fell after being struck by something. He then testified that he could see men working above him and knew what they were doing, and was asked what they were doing, when he answered that they were unhitching these bolts to put hot rivets in. The defendant's counsel then objected to the question, and moved to strike out the answer, which objection was sustained, and the motion was granted. He then testified that these iron workers were on about the twelfth floor immediately above where the plaintiff and the witness were working. He was then asked whether he knew what the bolts were used for, which was objected to by the defendant, and the objection sustained. Other questions were asked as to what these bolts were used for, all of which testimony was excluded by the court.

Foley, another workman at work on this scaffold upon which the plaintiff was working, testified that the bolt produced in court struck the plaintiff, and then struck the witness on the shoulder, and fell on the scaffold; that he looked up and immediately above him saw persons connecting beams to the iron girders on the outside; that he was familiar with the kind of bolts that were used to connect the iron construction work. He was then shown the bolt which had been found upon the scaffold, and was asked whether bolts of that kind were used for that purpose. This was objected by the defendant and excluded. The witness further testified that in this iron construction, when the beams were lowered into place, the bolts were placed through the beams and girders to hold them in place until they were riveted. After some rivets had been placed through the beams and girders, the bolts would be taken out and rivets substituted. He was then asked whether these bolts like the one that fell and struck the plaintiff were the temporary bolts that were put in. That was objected to and excluded. An employé of the contractors who were doing the ornamental ironwork on the building was called and testified that his employers did not use any bolts of the size and dimension as the bolt produced by the plaintiff. An employé of the fireproofers who were also working on the building was called, and testified that his employers did not use any of the bolts of the character produced. There was further testimony offered that none of the other contractors used bolts similar to the one produced by the plaintiff, which was all objected to by the defendant and excluded. The plaintiff then rested, and the court dismissed the complaint.

The defendant excepted to these rulings upon evidence, and I think it was error to exclude the testimony. The evidence allowed, with that excluded, would have justified the jury in finding that the plaintiff was engaged in laying brick on a scaffold on the seventh floor on the outside of the building; that immediately above him, between the ninth and twelfth floors, the defendant's employés were at work engaged in the construction of the ironwork, and that no other workmen were at work on the outside of the building; that in constructing this ironwork the constructors would lower a beam into place and connect it with the girders by temporary bolts through the holes in which rivets

were subsequently placed; that as rivets were placed in these holes the iron bolts were withdrawn and rivets substituted; that there were no other contractors in the building at work immediately above the plaintiff, and that none of the other contractors in the building used the kind of bolts which the jury might have found fell and struck the plaintiff; that at the time of the accident the defendant's employés were engaged in riveting the beams and girders together, and that the only men working outside of the building, except those engaged on the brickwork, were the defendant's employés. No reasonable man from this testimony would doubt that the bolt which fell was one that the defendant's employés were using in the iron construction.

The leading case upon this question is Wolf v. American Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241. In that case the plaintiff was in the street in front of a building being erected by the tract society, who owned the property. There were 19 independent contractors, employing about 250 men at work upon the building. On the day of the accident the plaintiff was employed by one of the contractors, furnishing the steam fitting for the building, and engaged in trucking a load of pipe for use in the building. The truck was stopped in the street, and, while the plaintiff was on the truck attending to his duties, a brick fell from the building, which had then reached the ninth story, and struck the plaintiff upon the head, inflicting serious injuries. There was no proof to show from what part of the building the brick came, who dropped it, or set it in motion. There was no proof to identify the person in or about the building as the immediate author of the wrong. The court said:

"Each of the 19 contractors was responsible only for the negligence of his own servants or employés. * * * As the person who caused the injury was not identified by the proof, it was, of course, impossible to identify the master responsible for his act."

[2] In this case I think there was proof, especially if the excluded testimony had been admitted, which would justify the jury in finding that the fall of the bolt which caused the injury was the fault of the employés of the defendant, the iron workers. There would seem to be no question of the plaintiff's contributory negligence, and, if one of the defendant's workmen allowed the bolt to fall on the plaintiff while the plaintiff was at work, there was certainly evidence sufficient to justify a finding that the accident was caused by the negligence of the defendant's employés.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, SCOTT, and DOWLING, JJ., concur.

McLAUGHLIN, J. (dissenting). The plaintiff on the 21st of October, 1909, was in the employ of the Andrew J. Robinson Company, which had a general contract for the construction of a building at the southeast corner of Fourth avenue and Twenty-Seventh street, in the city of New York. It had sublet to the defendant in this action the

structural ironwork on the building. The brickwork had been carried to the seventh floor, and on the day in question the plaintiff was at work on a swinging scaffold outside of the building, laying brick, when he was struck on the head and injured by an iron bolt which came from some of the floors above. The structural ironwork had been carried to the twelfth floor, and some of the employés of the defendant were engaged at the time in question in that work. At the trial it appeared there were several other contractors engaged in doing work above the seventh floor—fireproofers, concreters, carpenters, center men, and finishers—beside the structural iron workers. The plaintiff endeavored to prove that none of the other contractors in the work in which they were engaged used bolts similar to the one which fell, and that defendant in this action in its work did use bolts of this character. This evidence, however, was all excluded, and in this respect I think error was committed, but such error was harmless, because, if such evidence had been admitted, I do not think the plaintiff then would have been entitled to recover. There is absolutely no proof as to where the bolt came from, except that it came from above where the plaintiff was at work. No proof as to who put it in motion or how it came to fall was given.

As I understand the decisions, they are to the effect that where a person is injured by an object falling from a building in the course of construction, upon which different contractors are engaged in doing work, in order that the injured person may recover, he must prove that one of the defendant's employés set the object in motion or else establish that nobody but the defendant's employés could have done so under the circumstances. Wolf v. American Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241; Jack v. McCabe, 56 App. Div. 378, 67 N. Y. Supp. 810; Wurthlee v. Concrete Steel & Tile Construction Co., 107 N. Y. Supp. 101; Hesselgrave v. Butler Construction Co., 101 N. Y. Supp. 103. Tested by this rule, I think the complaint was properly dismissed. All the plaintiff proved was that three of the defendant's employés were working above him at the time of the accident, and that the bolt fell from some place above, that similar bolts had been seen in the ironwork of the defendant some time before. There is no proof that the defendant's employés at the time were handling bolts.

The case in principle cannot be distinguished from those cited, and especially the Wolf and Jack Cases.

The plaintiff relies on several cases, the principal one being O'Rourke v. Waite Co., 125 App. Div. 825, 110 N. Y. Supp. 170, where this court held defendant was liable. There a piece of iron fell from above and injured the plaintiff. But in that case there was testimony to the effect that prior to the accident several objects had fallen from the floor where the defendant's employés were at work, among them being pieces of iron like the one which struck the plaintiff, and that at the very moment when the piece fell which struck the plaintiff defendant's foreman shouted "look out below," and that the other contractors were working on the floors above where there were no pieces of iron which could have dropped. While here, there were

·four or five stories between the plaintiff and defendant's employés, from which an iron bolt could have been kicked or dropped.

For these reasons, I am unable to concur with the other members of the court in reversing the judgment and directing a new trial. I think the judgment is right, and should be affirmed.