WILLIAM LANG, Appellant, *v.* HAY FOUNDRY AND IRON WORKS, Respondent.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

Negligence — erection of building — personal injuries to workman hit on the head by a rivet — improper charge.

Plaintiff, while working as a carpenter upon the ninth floor of a building in the course of construction was struck on the head by a rivet weighing about three-quarters of a pound which fell from an upper floor, the structure being open directly above.   In an action to recover damages for injuries sustained the testimony tended to show that the only workmen over plaintiff on the upper floors were defendant's iron workers.   Defendant gave no evidence in explanation of the accident, but plaintiff testified that in doing the iron work defendant's workmen heated the rivets and then threw them one to the other; that before plaintiff was struck some bolts had come down and he hollered up at defendant's workmen to be careful.   *Held*, that the submission of the case to the jury was correct.

The trial judge charged that if plaintiff was " forewarned and knew the place was dangerous, that the place above where he was working being open," it was for the jury to say " was he observant when he was performing his work of the conditions existing, and did he exercise care in order to avoid being injured, irrespective of whether ·or not the defendants were guilty of negligence under the circumstances.  If the plaintiff knew he was in a position which was dangerous, then it is for you to say, gentlemen of the jury, should he not have

used some precaution in order to avoid injury to himself or should he not have been more watchful or more careful." *Held,* that the question whether in the circumstances the plaintiff had shown freedom from contributory negligence was for the jury, and the charge was erroneous and a judgment entered on a verdict in favor of defendant will be reversed and a new trial ordered.

Appeal by plaintiff from judgment of the City Court of the city of New York, entered on a verdict in favor of defendant.

*O. H. Droege,* for appellant.

*Joseph L. Prager,* for respondent.

Guy, J.   Plaintiff while working as a carpenter upon the ninth floor of a building in course of construction was struck on the head by a rivet about three and one-half inches long and weighing about three-fourths of a pound which fell from an upper floor of the building, the structure being open directly above the plaintiff. The testimony tended to show that the only workmen directly over plaintiff on the upper floors were defendant's iron workers, and plaintiff testified that in doing the iron work defendant's workmen heated the rivets and then threw them one to the other; that before plaintiff was struck some bolts had come down and he hollered up at defendant's workmen to be careful.

Defendant gave no evidence to explain the happening of the accident, and the trial judge correctly held that the proofs required the submission of the case to the jury.   *Miller* v. *Levering & Garrigues Co.,* 144 App. Div. 12.   But the judge's charge in respect to contributory negligence was prejudicial to plaintiff.   On that point the judge charged that if plaintiff was " forewarned and knew the place was dangerous, that the place above where he was working being open, it is for you to say was he observant when he was performing his work of the conditions existing, and did he exercise care in order to avoid being injured, irrespective of whether or not the defendants were guilty of negligence under the circumstances.   If the plaintiff knew he was in a position which was dangerous, then it is for you to say, gentlemen of the jury, should he not have used some precaution in order to avoid injury to himself or should he not have been more watchful or more careful."

Work done in the erection of a building is ordinarily dangerous, and a workman like the plaintiff must either do such work or get some other employment.   While it was proper for the trial court to leave it to the jury to determine whether under the circumstances the plaintiff was chargeable with contributory negligence, the form in which that element of plaintiff's case was presented to them — that it was for them to say " should he not have used

some precaution in order to avoid injury to himself? " or " should he not have been more watchful or more careful? " — seems to carry the implication either that plaintiff did not exercise any care or that he should have been more watchful so as to avoid injury. The question for the jury being whether under the circumstances the plaintiff had shown freedom from contributory negligence the charge was erroneous.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

BIJUR and DELEHANTY, JJ., concur.

Judgment reversed.