■ MARY FLEMING, as Administratrix of the Estate of THOMAS FLEMING, Deceased, Appellant, v. ARR-EM PLASTERING CORP., Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered October 18, 1971 in favor of defendant, upon the trial court's dismissal of the complaint at the end of plaintiff's case. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In our opinion, it was error to dismiss the complaint at the close of plaintiff's proof. Sufficient evidence had been received to sustain findings that plaintiff's decedent had been injured by defendant's employees in the course of their employment and that plaintiff's decedent had not been contributorily negligent (cf. *O'Rourke* v. *Waite Co.*, 125 App. Div. 825). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

■ LORRAINE GREGORY et al., Respondents, v. GERTRUDE ROTHHOLZ, as Administratrix of the Estate of HOWARD M. ROTHHOLZ, Deceased, et al., Respondents, and CHRYSLER CORPORATION et al., Appellants. GERTRUDE ROTHHOLZ, as Administratrix of the Estate of HOWARD M. ROTHHOLZ, Deceased, Respondent, v. CHRYSLER CORPORATION et al., Appellants, and STAPLETON & SCHNEIDER MOTOR SALES, INC., Respondent.— In consolidated actions to recover damages for wrongful death and personal injuries, defendants Chrysler Corporation and Chrysler Motors Corporation appeal from an order of the Supreme Court, Queens County, dated May 31, 1972, which denied their motion to compel defendant Rothholz to produce for discovery and inspection (1) all copies of reports of metallurgists in her actual and/or constructive possession and (2) the alleged defective parts which are the subject matter of the within litigation, including but not necessarily limited to metallurgical, chemical and microphotographic tests. Order reversed, without costs, and motion granted, without costs (*Petruk* v. *South Ferry Realty Co.*, 2 A D 2d 533, 536, 537). Settle order on five days' notice. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.