HANNEGAN v. UNION WAREHOUSE CO. et al.

(Supreme Court, Appellate Division, Second Department.    April 7, 1896.)

1. MASTER AND SERVANT—WHEN RELATION EXISTS—JOINT ENTERPRISE.
    Where two principals unite in the performance of work for their mutual advantage, each owes to the servants of the other engaged in the work the same duty to furnish safe implements as to those employed by him directly.

2. SAME—PERSONAL INJURY—REVIEW ON APPEAL.
    In an action by a workman to recover for a personal injury against one occupying the place of a master, where the evidence justified a finding that the appliances with which plaintiff was required to work were defective, and left the question of his contributory negligence largely a matter of judgment, the verdict of a jury for plaintiff cannot be disturbed.

Appeal from special term, Kings county.

Action by Joseph Hannegan against the Union Warehouse Company and others to recover for personal injuries received while working as a laborer by reason of the breaking of hoisting apparatus while unloading a vessel.    Judgment for plaintiff, and defendants. appeal.    Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Dailey, Bell & Crane, for appellants.
Butler, Stillman & Hubbard, for respondent.

PRATT, J.    An objection is made to plaintiff's recovery on the ground that defendants owed no duty to plaintiff.    We do not think

that objection tenable.    There was testimony tending to show that defendants and plaintiff's employer, for their mutual advantage, combined their forces, and removed the sugar from the ship directly to the warehouse, defendants supplying a few men, with trucks and slings, and plaintiff's employers supplying most of the laborers, plaintiff being one of them.    This was mutually advantageous, as by this course the sugar had to be handled but twice, instead of four times. Under these circumstances the plaintiff cannot be regarded as a stranger to defendants.    He was engaged in the work there carried on for the benefit of both defendants and plaintiff's direct employers. Defendants' duty to supply safe implements for use of the plaintiff did not differ in principle or degree from the duty the law imposed on them to furnish safe implements for the laborers they hired directly.    As to the negligence of defendants in supplying the slings, there was abundant evidence to go to the jury.    Several witnesses testified that many of the slings supplied were so old and worn as to be improper for that purpose, and, as one sling broke while in use, we see no reason to doubt the truth of the testimony.    It cannot be held as matter of law that to supply slings unfit to carry the weight was not negligence.    The jury has found negligence, and on sufficient testimony.    Whether plaintiff proved himself free from negligence is a question of more doubt.    Yet, if the jury credited his testimony, we cannot say their verdict was wrong.    When plaintiff was standing under the deck he testified that he looked up, and, not being able to see the sugar overhead, he went under the hatchway in pursuance of his duties.    Very likely, when he was in the center of the hatchway, he might have been able to see the sugar, which was not within the line of vision while he occupied his first position.    While he was in the center, the sugar fell, and he received the injury.    How long he must wait under the deck after the ascending sugar got out of his sight was a matter of judgment.    He could not wait forever.    The jury have found him free from negligence, and we cannot say they are wrong.    The question is peculiarly within their province.    None of the exceptions require further discussion, and the judgment must be affirmed, with costs.    All concur.