LUND *v.* LOUGH.

1. NEGLIGENCE—CONVERSION—NAVIGATION—BOATS AND SHIPPING.
    Where the plaintiffs claimed and offered evidence tending to prove that the defendants, without permission, took a boat or lighter without their knowledge, loaded it with a boiler and some merchandise, and towed the lighter to a point about 20 miles away and refused to permit the master of the tug to bring the lighter back until it was loaded, that the master of the tug left a tow line and anchor with express directions how to use them to secure the boat, that defendant neglected these instructions and failed to exercise ordinary care in anchoring and protecting the lighter, which was lost in a storm, the testimony, being disputed, presented a proper issue for the jury as to defendants' negligence.

2. EVIDENCE—DAMAGES—NEGLIGENCE—NAVIGATION—BAILMENTS.
    Testimony that one of the defendants, in an action for loss of a lighter during a storm, stated or admitted immediately after the lighter broke up and sank that he guessed they would have a lighter to pay for, was admissible in evidence and furnished a proper basis of the inference that he understood he had neglected some duty.

Error to Cheboygan; Sharpe, J. Submitted June 22, 1914. (Docket No. 108.) Decided June 14, 1915.

Case by Robert Lund and another against Albert Lough and another for negligence in failing to properly secure and anchor a boat. Judgment for plaintiffs. Defendants bring error. Affirmed.

*I. S. Canfield,* for appellants.

*C. S. Reilley,* for appellees.

BIRD, J. Plaintiffs sued and recovered a judgment in tort for $650 against the defendants for their negligence in failing to care for and protect a certain

lighter, which was in their possession, but which was owned by the plaintiffs. Not being content with the result reached by the trial court, the defendants have brought the case to this court for review.

1. It is urged with much earnestness that the trial court was in error for refusing to direct a verdict in behalf of defendants, on the ground that the testimony failed to disclose any negligence on their part. It is not only the claim of plaintiffs, but the testimony tended to show that in November, 1913, the defendants took possession of the lighter, which was moored in Cheboygan river, without either the knowledge or consent of plaintiffs, loaded it with a boiler and smokestack and merchandise, and on November 18th had it towed to Grace Harbor, a point 20 miles south of Cheboygan, where they were carrying on lumbering operations; that they refused to permit the tug to convey the lighter back to Cheboygan until it was loaded with shingles; that in consequence of such refusal, the return of the lighter was delayed several days; that on the 21st day of November, while the lighter was still at Grace Harbor, a severe storm prevailed, and the lighter was wrecked. It was further shown that when the master of the tug learned that he was not to take the lighter back with him, he left a tow line and anchor and gave defendants instructions how to securely fasten and anchor the lighter, so that it would safely outride the storm; that defendants neglected to follow the instructions given by the master, and it is claimed that they failed to exercise ordinary care in securing and anchoring the lighter, and in consequence thereof the lighter was wrecked and became a total loss. These items of proof, or most of them, were disputed, but if plaintiffs' version were believed by the jury they were sufficient to establish the negligence of the defendants.

186 Mich.—41.

2. Complaint is made of the admission of certain statements in the nature of admissions claimed to have been made by defendant Lough. The following testimony will illustrate the nature of them. Cook, the master of the tug, was permitted to testify, over defendants' objection, that:

"Mr. Lough came aboard of the tug after the lighter had broken up, and I told him that I regretted very much that the thing had happened, and he says, 'Yes, sir; I guess we have a lighter to pay for all right enough.'"

In view of the contention of the defendants on the trial that they were not responsible for taking possession of the lighter, and, further, that they were not responsible for the lighter not being returned by the tug, and denying all responsibility for its loss, we think the testimony was properly received. If Mr. Lough made the statement credited to him that "I guess we have a lighter to pay for all right enough," it furnished a basis for an inference that he himself understood that he had neglected some duty which he owed the plaintiffs to see that their property was properly protected.

Several assignments are based upon the charge of the court. We have examined them with reference to the criticisms made, but do not think they are well taken.

The judgment of the trial court is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.