SALVATORE SCHIANO *vs.* McCARTHY FREIGHT SYSTEM, INCORPORATED.

MAY 8, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.    This is an action of trespass on the case for negligence which was tried in the superior court before a jury. At the close of plaintiff's case the trial justice granted defendant's motion for a nonsuit. The case is before us solely on plaintiff's exception to that ruling.

The evidence on the issue of liability in substance is as follows. The plaintiff was employed as a "drop hand" at the jewelry factory of the Bojar Company, hereinafter called the company, which is located on the fourth floor of a building on Stewart street in the city of Providence. On April 16, 1942, the company notified Handy & Harman, "bullion dealers", to send for a barrel of scrap silver. Handy & Harman instructed the defendant, a common carrier, to go to the company's premises for the barrel, and to this end the latter sent a truck driven by one Madieros, who had no helper. The evidence shows that the defendant, which had called at the company's factory on previous occasions for a similar purpose, would receive the consignment on the company's premises, and that thereafter it was its duty to load the consignment onto the truck.

On the day of the accident Madieros called at the company's place of business and, finding that the barrel of scrap silver weighed between three hundred and four hundred pounds, concluded that he would be unable by himself to load it onto the truck. He therefore asked Leo Bojar, the owner or person in immediate charge of the company's factory, if he "could give him a man to help him." The plaintiff testified that Bojar came to him and, pointing to Madieros, said: "Go out and give that man a hand with the barrel." In cross-examination defendant's counsel inquired whether Bojar had asked him to assist Madieros and the plaintiff replied that he was *"told"* to help him. (italics ours) Because of one of defendant's contentions hereinafter discussed, we

quote the following testimony of Bojar in direct examination on this point, as the defendant strongly relies on such testimony. "Q. And you told him to— A. I asked him to. Q. You asked him to? A. It was not his duty."

The barrel was rolled onto a passenger-freight elevator by Madieros, where he was joined by the plaintiff. Madieros operated the elevator and stopped it when its platform was some distance from the street level and about even with the tailboard of defendant's truck, which he had backed into that position before calling for the barrel. Because of the construction of the building, there was an open space of a few feet between the tailboard of the truck and the platform of the elevator. Madieros, after rolling the barrel about half way over the edge of the elevator platform, asked the plaintiff to get down into the space between the truck and the elevator, on one side of the barrel, while he, Madieros, got down into that space on the other side, so that they might lift the barrel onto the truck.

In this position, as they were lifting the barrel from the elevator onto the truck, Madieros called out, "Let go" and he, Madieros, let go of the barrel, which act caused the plaintiff to fall to the ground, resulting in injury to his right leg and foot. While the plaintiff was on the ground rubbing his leg, Madieros asked him if he was hurt and upon receiving an affirmative answer said: "I should have used the plank." He thereupon went into the building and came out with a plank or "skid", which he used and by himself loaded the barrel onto the truck.

The record is not clear as to the ground upon which the trial justice based his ruling granting defendant's motion for a nonsuit. In this court the defendant contends that such ruling was correct because the plaintiff was a volunteer or a fellow servant of Madieros, or because at the time of the accident he was not "acting in furtherance of his master's interest."

It is well established that if there is any evidence, either direct or by reasonable inference, to support the plaintiff's

right of action the motion for a nonsuit must be denied. The weight of the evidence and the credibility of the witnesses are not before the court on such a motion. *Erenkrantz* v. *Palmer*, 69 R. I. 478.

Defendant's contention that plaintiff was a volunteer is based upon Bojar's testimony hereinbefore quoted. We find no merit in this contention. Defendant argues that what Bojar said to the plaintiff was a mere request, which the latter could grant or deny at will. Such view of that testimony overlooks the rule that on a motion for a nonsuit the evidence must be viewed most favorably to the plaintiff; that Bojar's language is fairly open to the construction that he ordered the plaintiff to assist Madieros in moving the barrel; and that the plaintiff testified that he was ordered and not merely requested by Bojar to assist Madieros. On such a view of the evidence the jury could find that the plaintiff was not a volunteer in assisting defendant's servant.

Defendant's contention that, if not a volunteer, the plaintiff was a fellow servant of Madieros is also without merit. There is no evidence that Madieros had any express or implied authority from the defendant to secure assistance in loading the barrel onto the truck. In fact the evidence is clear that Madieros needed no assistance to do that work, as he finally put the barrel onto the truck by using the plank or "skid" that was available to him. Furthermore, throughout the entire occurrence under consideration, Bojar, as master, retained the right to control and the control of his servant, the plaintiff here.

Defendant's final contention to the effect that at the time of the accident the plaintiff was not "acting in furtherance of his master's interest" is in substance a reiteration in combination of the two contentions that we have already considered, plus the interjection of the law of sales in an action for negligence. As we understand the latter part of this contention, the defendant assumes that because the Bojar Company had notified Handy & Harman to send for the barrel of scrap silver the former intended to part with all right, title

and interest in that property. Based on this assumption the defendant then argues that when the barrel was delivered to Madieros it was in law a delivery by the Bojar Company, as seller, to Handy & Harman, as buyer, and that therefore under our sales act, G. L..1938, chap. 461, §3 (1), §6 (1); chap. 463, §6 (1), the Bojar Company no longer had any right, title or interest in the barrel of scrap silver.

This point is plainly without merit. The evidence is clear that the scrap silver belonged to the Bojar Company and there is no evidence that it had sold that material to Handy & Harman. Under what conditions and for what purpose the former was sending the scrap silver to the latter rests entirely on conjecture and speculation. But, assuming that the scrap silver had been sold to Handy & Harman, we know of no law that prohibits a master from ordering his servant to do an act in connection with such property for the master's benefit and in furtherance of his interests, even though such act may also aid and expedite the interests of another.

In the instant case the Bojar Company, Handy & Harman, and the defendant, a common carrier, had a common interest in the transportation of a barrel of scrap silver. Here was a consignor, through its servant, the plaintiff, assisting in loading the barrel onto defendant's truck for delivery to Handy & Harman, the consignee, such assistance being rendered at the request of defendant's servant. On such evidence the jury could find that the plaintiff was acting as a servant of the Bojar Company in connection with its property and in furtherance of its interests, even though he was also expediting the defendant's business in transporting the barrel of scrap silver to Handy & Harman. In these circumstances, if the jury further found from the evidence that at the time of plaintiff's injury the defendant's servant was negligent and that his negligence was the proximate cause of such injury, the defendant would be liable. *Welch* v. *Maine Central R. R. Co.*, 86 Me. 552; *Coyne* v. *Coastwise Dredging Co.*, 36 R. I. 278; *Sprague* v. *General Electric Co.*, 213 Mass. 375. We are,

therefore, of the opinion that the trial justice erred in granting defendant's motion for a nonsuit.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for plaintiff.

*William H. McSoley, William H. McSoley, Jr.,* for defendant.

