## KLEIN *v.* DETROIT METALLIC CASKET COMPANY.

1. EVIDENCE—NEGLIGENCE—COMPETENCY—CREDIBILITY.

   The fact that defendant truck driver's body was momentarily hidden from the view of plaintiff's wife and partially hidden from plaintiff's view while he and the truck driver were unloading a 200-pound casket from truck would not destroy the probative value of her testimony nor preclude plaintiff from testifying as to what he saw as bearing on issue of such driver's alleged negligence in so handling the casket as to cause plaintiff to lose his grip, as she and plaintiff could testify as to what they did see and the jury might then evaluate their testimony as against that of defendant driver.

2. NEGLIGENCE—FINDING OF JURY—EVIDENCE.

   Jury's finding that defendant truck driver was guilty of negligence in unloading casket with plaintiff's assistance in such a way as to cause the casket to fall upon plaintiff and break his leg *held*, supported by competent testimony.

3. EVIDENCE—NEGLIGENCE—ADMISSION OF FAULT—INSTRUCTION.

   Truck driver's admission of fault in causing plaintiff's leg to be broken as plaintiff and driver were unloading a 200-pound casket from the truck *held*, properly admitted in evidence and adequately covered by court's instruction that there must be established the negligence of defendant and freedom from contributory negligence on the part of plaintiff.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—KNOWN PERIL.

   A peril which is known and easily avoided but voluntarily and unnecessarily assumed may constitute such contributory negligence as to preclude recovery.

5. SAME—KNOWN PERIL—CONTRIBUTORY NEGLIGENCE—UNLOADING CASKETS.

   Plaintiff, a funeral director, who had purchased a 200-pound casket from defendant company, which he was helping defendant truck driver unload from truck may not be said to

---

REFERENCES FOR POINTS IN HEADNOTES

[4, 5]  38 Am Jur, Negligence § 182.

have been charged with the responsibility of recognizing a peril in the unloading of a casket in view of driver's testimony that he had worked for the company for about 5 years, had never had any difficulty in unloading caskets nor been involved in any accidents during such process.

6. SAME—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—INSTRUCTIONS—EVIDENCE.

Verdict for plaintiff, a funeral director, whose leg was broken while assisting defendant truck driver in unloading a 200-pound casket from truck *held*, not against the great weight of the evidence, where there was conflicting testimony presented on issues of negligence, contributory negligence and proximate cause and jury was instructed to pass upon the credibility of the witnesses.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 6, 1953. (Docket No. 23, Calendar No. 45,597.) Decided March 10, 1953.

Case by Elmer Klein against Detroit Metallic Casket Company, a corporation, and Olin Cornell for injuries suffered when casket plaintiff was assisting in unloading from defendants' truck fell on him. Verdict and judgment for plaintiff. Remittitur filed. Defendants appeal. Affirmed.

*Smith & Wilson,* for plaintiff.

*Howlett & Hartman,* for defendants.

ADAMS, J. The plaintiff, a funeral director of Birch Run, Michigan, was injured on the morning of February 24, 1949, while assisting the defendant Olin Cornell in the unloading of a 200-pound metal casket from the truck of the defendant Detroit Metallic Casket Company. The casket had been purchased from the defendant company and Cornell, the driver of the truck, was making the delivery.

At the time, there were 7 caskets on the truck and the particular casket to be delivered to the plaintiff

was on the top tier approximately 5-1/2 feet above ground level. At Cornell's request, the 2 of them slid the casket to the rear of the truck in order that they could lift it off and place it on the ground. While in the process of lifting the casket from the truck it fell, striking and fracturing plaintiff's right leg.

Plaintiff brought suit for damages in the Oakland county circuit court claiming that the injury was caused through the negligence of Cornell and upon trial before a jury he had a verdict for $5,000. Defendants contended at the trial that plaintiff had shown no negligence on their part and that plaintiff himself was guilty of contributory negligence not only in his actions at the time of the accident but also in voluntarily placing himself in a place of danger. For these reasons, defendants moved for a directed verdict at the close of the plaintiff's case and again at the close of the defendants' case. Subsequently, and for the same reasons, defendants moved for judgment notwithstanding the verdict and for a new trial.

All of the defendants' motions were denied by the trial judge, the denial of the motion for the new trial being conditioned upon plaintiff's remitting $2,-500 of the verdict. This condition was imposed because the court was of the opinion that the proof of damages did not justify the larger verdict. Plaintiff filed the remittitur and defendants then took this appeal from the order denying the new trial and from the judgment entered for the plaintiff.

Only 3 persons saw the accident. Plaintiff and defendant Cornell were at the immediate scene and plaintiff's wife watched from a window of their nearby home. Plaintiff testified that he stood at the left side of the truck and that "we both reached up to lift the casket from the second deck. Mr. Cornell turned the casket a little—turned it clockwise while

it was still up there and caused me to lose my grip with my left hand. I tried to support it with my right hand, but it was coming down and I hollered to Mr. Cornell to stop going around. I yelled 'stop' 3 times. By that time Mr. Cornell had given it a shove and it struck me and knocked me to the ground with the casket on top of me and broke my leg."

He admitted, however, that as he lifted, his view was obstructed by the casket and he could not see Cornell's arms and shoulders during the operation.

Mrs. Klein, watching from the window, could not see Cornell's body, although she could see both her husband and the casket and testified that after the casket had been moved to the rear of the truck and was about to be lowered by the 2 men, it "gave a lunge."

Defendant Cornell disputed this testimony saying that for some unexplainable reason the casket fell away from him as it left the truck and that he was not in a position to stop its movement. Defendants argue that because neither Mr. nor Mrs. Klein was in a position to adequately observe Cornell's actions, his testimony of what he did at the time of the accident must be accepted as undisputed fact and that since his testimony showed no negligence on his part, plaintiff had failed in his proofs.

We cannot agree with the defendants in this respect. The mere fact that plaintiff could not see all of defendant's body at the moment the accident occurred does not preclude him from testifying as to those matters which he actually saw, nor should the fact that Cornell's body was wholly hidden from Mrs. Klein's view for the moment destroy the probative value of her testimony. Both testified as to those things which they saw and it was proper for the jury to then evaluate the testimony of Mr. and Mrs. Klein as against that of Cornell and to determine what the facts were as well as the reasonable infer-

ences that might be drawn from such facts. It was for the jury to determine whether they would believe the Kleins or Cornell, and the record shows sufficient testimony on the part of the Kleins which, if believed by the jury, would constitute negligence on the part of Cornell.

Cornell's failure to adequately instruct the plaintiff in the proper method of unloading; his lifting of his end of the casket off the truck ahead of the plaintiff causing plaintiff's hand to be pinched; his continuing action after the plaintiff called to him to stop, and his shoving of the casket would, if believed by the jury, indicate a failure to use such care and caution as the ordinarily prudent person would use under the same or similar circumstances.

Cornell's statement to Mrs. Klein that "he was very sorry, that it was his fault" was properly admitted (*Lund* v. *Lough*, 186 Mich 640) and its significance adequately covered by the court's charge to the jury when he said: "There must be, in addition to that, negligence established on the part of the defendant and freedom from contributory negligence on the part of the plaintiff, in order to bring in a verdict in this case."

Turning to the question of contributory negligence, we think that perhaps the most concise and understandable statement of the long-recognized maxim of *"volenti non fit injuria"* is stated in *Taylor* v. *Home Telephone Co.*, 163 Mich 458 (31 LRA NS 385), wherein it is said:

"'If the danger is known, and can be easily avoided, a peril voluntarily and unnecessarily assumed may constitute such contributory negligence as would preclude a recovery.'"

We do not find, however, from the record that plaintiff voluntarily and unnecessarily assumed a peril which he could have reasonably anticipated.

Defendant Cornell gave undisputed testimony that he had worked for the defendant company for about 5 years and that during that time he had never had any difficulty in unloading caskets and that he had never been involved in any accidents during such unloading process. It would not be reasonable to say that there is inherent danger in the unloading of a casket from a truck or that plaintiff should have known of the perils of such action when the record so conclusively shows that such activities have, at least in the case of defendant Cornell, lacked any element of danger. We do not believe, under the circumstances shown by the record, that plaintiff was charged with the responsibility of recognizing a peril in the unloading of the casket and the trial court's refusal to so charge was proper.

Defendants claim that the verdict was contrary to the great weight of the testimony. It is their contention that defendant Cornell's testimony was undisputed and unimpeached. Again we cannot agree with the defendants. Testimony of Mr. and Mrs. Klein was contradictory of statements made by Cornell and the jury had the right, and was so instructed by the court, to pass upon the credibility of the witnesses and to determine from the testimony which version of the circumstances was to be accepted as fact. The record discloses testimony from which the jury could find, if they chose to believe it, that defendant Cornell was guilty of negligence, that the plaintiff was free of negligence, and that the negligence of Cornell was the proximate cause of the accident. Under such circumstances we are of the opinion that the verdict should not be disturbed.

Judgment affirmed, costs to appellee.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.