## BUMSTEAD *v.* BUCHT.

1. NEGLIGENCE—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE—
VIOLATION OF LAW.

   Assumption of risk should not be used as a substitute for, or as
   a supplement to, or as a corollary of, contributory negligence;
   nor should it be used to explain a law violator's enlarged duty
   of due care resulting from his violation of law.

2. SAME—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

   The traditional concepts of contributory negligence are more
   than ample to present the affirmative defense to established
   negligent acts without reference to assumption of risk.

3. SAME—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

   A known and easily avoided peril which is voluntarily and un-
   necessarily assumed may constitute such contributory negli-
   gence as would preclude a recovery.

4. SAME—CHARGE TO JURY—ASSUMPTION OF RISK.

   Injection by trial court in his charge to the jury of the theory
   and terminology of assumption of risk in suit by plaintiff for
   injuries received while he was helping defendant unload a
   heavy object from a truck *held,* error.

5. SAME—CONTRIBUTORY NEGLIGENCE—PEREMPTORY CHARGE.

   Refusal of trial judge to grant plaintiff's request for a peremptory
   charge of no contributory negligence in suit by plaintiff re-
   sulting from injuries received by plaintiff while helping de-
   fendant's agent unload a heavy object from a truck *held,*
   properly denied, where the record indicates that there was a
   question of fact for the jury.

Appeal from Chippewa; Baldwin (George S.), J.
Submitted Division 3 February 8, 1966, at Grand
Rapids. (Docket No. 627.) Decided July 26, 1966.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 38 Am Jur, Negligence §§ 172–174.
[4] 38 Am Jur, Negligence § 367.
[5] 38 Am Jur, Negligence § 344.

Rehearing denied August 30, 1966. Leave to appeal denied by Supreme Court December 28, 1966. See 378 Mich 745.

Declaration by Clifford C. Bumstead against Sune Bucht, doing business as Sune Bucht Freight Lines, for damages resulting from injuries received by plaintiff while helping defendant's employee unload a large radiator from a truck. Judgment for defendant. Plaintiff appeals. Reversed and remanded for a new trial.

*Goodman, Crockett, Eden, Robb & Philo (Richard M. Goodman,* of counsel), for plaintiff.

*Burney C. Veum,* for defendant.

BURNS, J. Plaintiff-appellant appeals from a jury verdict of no cause of action.

The appellant has owned and operated a radiator repair shop in Sault Ste. Marie since 1958. The appellee, a public carrier since 1945, operates a general freight and delivery service with a fleet of 6 or more trucks, in the same city.

On May 20, 1960, while the appellant was assisting Vern Anderson, one of the appellee's drivers, in unloading a 400-lb Euclid type radiator, the crate struck the sidewalk on its corner, tipped over and fell on the appellant, crushing his left leg and causing severe permanent injuries.

For many years the appellee had delivered radiators to the appellant and his predecessors in business. For at least two years prior to the accident, Anderson had delivered radiators, including the heavy Euclid type, to the appellant, without incident. The appellant on many occasions had assisted Anderson in unloading crates using a metal roller skid in the unloading operation.

The appellant claims the trial judge erred by injecting the theory and terminology of assumption of risk in charging the jury on contributory negligence. It is further alleged the trial judge erred in refusing to give the appellant's request for a peremptory charge of no contributory negligence.

The trial judge in his charge to the jury did evoke the theory, and use the terms of assumption of risk on 2 different occasions. The first occasion occurred when the court was stating the defendant's theory of the case and said:

"that it was due to the negligence of the plaintiff in voluntarily standing there, or doing something wrong, or in voluntarily assuming the risk of a dangerous practice."

Later the court stated:

"You may consider on this question of contributory negligence whether he assumed some of the risk in getting into this place of danger. The defendant has raised the affirmative defense that the plaintiff assumed the risk of injury from the dangers the plaintiff contends caused his injury."

After the jury had retired to consider the case, they returned and asked for additional instructions, and while the judge did not use the term "assumption of risk" he used some of the same language that he had used in connection with the theory of the assumption of risk, when he stated:

"Did he voluntarily expose himself to danger when it was apparent to a reasonable person that an injurious result would likely occur. Now if you find that he did voluntarily expose himself to danger, when it was apparent to a reasonable person that he would be exposing himself to danger, and that a bad result would likely happen, then he might be guilty of contributory negligence barring his recovery."

The trial judge did not have the benefit of *Felgner* v. *Anderson* (1965), 375 Mich 23, when this case was tried. In the *Felgner Case* Justice Souris presented an exhaustive history of the doctrine of assumption of risk. On page 56 he states:

"Assumption of risk should not again be used in this State as a substitute for, or as a supplement to, or as a corollary of, contributory negligence; nor should it be used to explain a law violator's enlarged duty of due care resulting from his violation of law. The traditional concepts of contributory negligence are more than ample to present that affirmative defense to established negligent acts."

In the case of *Klein* v. *Detroit Metallic Casket Co.* (1953), 336 Mich 157, which involved a plaintiff who was injured assisting a truck driver unload a casket from the truck, the defendant contended that the plaintiff had shown no negligence on the defendant's part, that the plaintiff himself was guilty of contributory negligence, not only in his actions at the time of the accident, but also in voluntarily placing himself in a place of danger. For those reasons the defendant moved for a directed verdict at the close of the plaintiff's case, and again at the close of the defendant's case. Subsequently, and for the same reasons, the defendants moved for a judgment notwithstanding the verdict and for a new trial. All of the defendant's motions were denied by the trial judge, and on appeal the Supreme Court stated on pp 161, 162:

"Turning to the question of contributory negligence, we think that perhaps the most concise and understandable statement of the long-recognized maxim of *'volenti non fit injuria'* is stated in *Taylor* v. *Home Telephone Co.* (1910), 163 Mich 458 (31 LRA NS 385), wherein it is said:

" ' "If the danger is known, and can be easily avoided, a peril voluntarily and unnecessarily as-

sumed may constitute such contributory negligence as would preclude a recovery." '

"We do not find, however, from the record that plaintiff voluntarily and unnecessarily assumed a peril which he could have reasonably anticipated. Defendant Cornell gave undisputed testimony that he had worked for the defendant company for about 5 years and that during that time he had never had any difficulty in unloading caskets and that he had never been involved in any accidents during such unloading process. It would not be reasonable to say that there is inherent danger in the unloading of a casket from a truck or that plaintiff should have known of the perils of such action when the record so conclusively shows that such activities have, at least in the case of defendant Cornell, lacked any element of danger. We do not believe, under the circumstances shown by the record, that plaintiff was charged with the responsibility of recognizing a peril in the unloading of the casket and the trial court's refusal to so charge was proper."

We believe the trial court erred when it injected the theory and terminology of assumption of risk in its charges. The trial judge further erred when he injected the theory of voluntary exposure to danger in the case.

As to the appellant's second claim of error, that the trial judge should have granted his request for a peremptory charge of no contributory negligence, the record indicates that there was a question of fact for the jury. The judge properly denied this instruction.

The cause is reversed and remanded for a new trial. Costs to appellant.

HOLBROOK, P. J., and McGREGOR, J., concurred.