Saad, P.J.
 

 Plaintiff filed a complaint against defendant seeking damages for injuries plaintiff suffered while voluntarily helping defendant dig a trench. The trial court granted summary disposition for defendant on the ground that the volunteer doctrine barred plaintiffs claim. MCR 2.116(C)(10). Reluctantly, we
 
 *418
 
 reverse and remand in accordance with a binding precedent set by this Court.
 

 In
 
 Ryder Truck Rental, Inc v Urbane,
 
 228 Mich App 519; 579 NW2d 425 (1998), the plaintiff was injured by a rented track while voluntarily helping a friend move. The plaintiff sued both the friend and the track rental firm, but ultimately settled the claim with the friend. At issue was whether the track rental firm had a right of contribution against the friend. The trial court determined that under the volunteer doctrine, the friend owed the plaintiff “only a duty of care not to injure him through wilful or wanton acts” and concluded that the friend could not be held liable for the incident.
 
 Id.,
 
 522. On appeal, the rental company argued that the volunteer doctrine was “no longer viable and, even if viable, does not apply outside the workplace.”
 
 Id.
 
 A majority of a panel of this Court agreed and held that the volunteer doctrine “is a limitation purely on respondeat superior liability. Under the volunteer doctrine, a master is not liable for ordinary negligence of his servant who has injured a third person having the status of a volunteer.”
 
 Id.,
 
 523. Chief Judge Corrigan concurred in the result, averring that the volunteer doctrine was not limited to respondeat superior liability, but opining that the volunteer doctrine was not applicable where the alleged tortfeasor authorized the volunteer’s assistance.
 
 Id.,
 
 526, 530-531.
 

 Here, we reverse the judgment for defendant for the sole reason that MCR 7.215(H)(1) binds us to the precedent set by the holding in
 
 Ryder Truck, supra.
 
 We believe, however, that
 
 Ryder Truck
 
 was wrongly decided and is contrary to established state Supreme Court precedent.
 

 
 *419
 
 In
 
 Diefenbach v Great Atlantic & Pacific Tea Co,
 
 280 Mich 507, 512-513; 273 NW 783 (1937), this state recognized that one who voluntarily performs work for another cannot recover for ordinary negligence. In
 
 Pace v Gibson,
 
 357 Mich 315, 319-320; 98 NW2d 654 (1959), overruled in part on other grounds in
 
 Felgner v Anderson,
 
 375 Mich 23, 50-51, 56-57; 133 NW2d 136 (1965), our Supreme Court reiterated this principle and set forth the parameters of the volunteer doctrine:
 

 This Court in
 
 Diefenbach v Great Atlantic & Pacific Tea Co,
 
 280 Mich 507, recognized the general rule that one who is merely a volunteer in rendering service to another cannot recover if injured because of negligence, there being no duty other than not to injure him by willful or wanton act. ... If, therefore, he [the plaintiff] was in fact a volunteer assuming the risk of negligent injury he is not entitled to recover.
 
 Smedley v Mashek Chemical & Iron Co,
 
 189 Mich 64 [155 NW 357 (1915)];
 
 Diefenbach v Great Atlantic & Pacific Tea Co, supra.
 

 Contrary to this Court’s holding in
 
 Ryder Truck, supra,
 
 this broad pronouncement of the volunteer doctrine extends well beyond the respondeat superior context. More importantly, we believe the
 
 Ryder Truck
 
 Court overstepped the bounds of its authority when it abrogated the volunteer doctrine contrary to the Supreme Court’s ruling in
 
 Diefanbach.
 

 [1]
 

 MCR 7.215(H)(1) compels us, however, to follow the precedent set by
 
 Ryder Truck.
 
 In accordance with MCR 7.215(H)(2), Administrative Order No. 1996-4, see 451 Mich xciii (1996), and Administrative Order
 
 *420
 
 No. 1994-4, see 445 Mich xci (1994), we have explained our disagreement with the prior binding decision. We recommend that this case be submitted to a special conflicts panel pursuant to MCR 7.215(H)(3).
 

 Reversed and remanded. We do not retain jurisdiction.
 

 Gage, J., concurred.
 

 Wahls, J., did not participate.
 

 [1]
 

 A decision of our Supreme Court is binding on this Court until the Supreme Corut overturns it.
 
 O’Dess v Grand Trunk W R Co,
 
 218 Mich App 694, 700; 555 NW2d 261 (1996).